## CONNOR v. LASSETER et al.

1. It is a good defense to an action by a teacher upon a written contract to pay him a stipulated sum per month for his services in teaching a private school, that in order to induce the persons by whom he was employed to sign the contract, he falsely and fraudulently represented to them that he possessed certain specified and essential qualifications as a teacher, which he did not in fact possess. Such defense is available to show failure of consideration, either total or partial.

2. Where, however, such contract contained an unambiguous and unconditional promise to pay the stipulated salary, it was not competent, in defense to an action thereon, to plead or prove that the plaintiff agreed in parol to apply for and obtain a license from the school authorities of the county " to teach in the public schools of said county," that he would teach a public school under such license, and allow the amount collected by him from this source to go as a credit upon what was to become due him under the contract with his employers.

3. In so far as the rulings of the trial court, in passing upon the defendants' pleas and in admitting evidence, were at variance with what is above announced, error was committed.

July 13, 1896. By two Justices.

Action on contract. Before Judge Smith. Wilcox superior court. November term, 1895.

By the contract sued on, defendants obligated themselves to pay the plaintiff $65 per month as salary for services rendered as teacher of the Abbeville High School for a stated period. Defendants pleaded, that they were induced and influenced to sign the contract by the fraud of plaintiff, he having held himself out as fit, competent and equipped under the laws of Georgia to contract to teach in the public schools of the State; whereas he was not so fit, competent and equipped, and knowingly misrepresented himself to defendants for the purpose of procuring their signatures to the contract. Further, that by reason of his not being equipped and a proper party to contract as a teacher of the public schools of the State, he was not able to collect any of the public school funds which should have gone as a

credit in favor of defendants. Further, that had he been equipped and eligible to teach in the public schools as he fraudulently represented himself to be, said school would have paid him $65 per month. Further that defendants were induced to enter into the contract by reason of the fact that plaintiff represented himself to them that he was equipped to teach in the public schools of the State and had license so to do, which representation was false and fraudulent, and had it been true defendants would have been enabled to draw through plaintiff $60 per month for four months during the time the contract was to continue. "And for the further false and fraudulent representation on the part of plaintiff, that he would apply for and sure of obtaining a license to teach in the public schools of said county and State, and would make a contract with the county of Wilcox during the time embraced in said contract."

Plaintiff assigned error upon the overruling of his motion to strike these pleas, the motion being upon the grounds, that the representations alleged to be fraudulent were not so, and that such pleas were an attempt to change the written contract by parol. Also, upon the reception of testimony in support of the last plea, over objection on like grounds.

*Hal Lawson*, for plaintiff.

LUMPKIN, Justice.

This was an action by Connor against Lasseter and others upon a written contract to pay him $65 per month as a salary for his services as a teacher. He alleged full performance of his contract, and sought to recover a balance claimed to be due him thereon. Among other things, the defendants pleaded that they had been induced and influenced to sign the contract by reason of false and fraudulent representations on the part of the plaintiff to the effect that he possessed certain specified and essential qualifica-

tions as a teacher, which he did not in fact possess; and further, that he had agreed in parol to apply for and obtain a teacher's license from the school authorities of the county in which the school to be taught by him was located, that he would teach a public school under that license, and allow whatever he collected from the public school fund to go as a credit upon what was to become due him under the written contract with his employers.

The first of these defenses was good in law. It really amounted to a plea of failure of consideration, either total or partial, and was available, to the extent it was sustained by evidence, in reducing the amount of the plaintiff's recovery, or defeating a recovery altogether.

The second defense was not a good one in law. It was, in effect, neither more nor less than an attempt to vary by parol the terms of a plain and unambiguous written contract. Connor's employers agreed in writing, absolutely and unconditionally, to pay him a stated monthly salary for his services as a teacher. There was nothing in the contract, as written, binding him to obtain a license to teach a public school, or to teach under it, or to give his employers credit for any sums which might be paid him as a teacher of a public school. As to these matters, the contract was entirely silent, and it really related exclusively to the teaching of a private school. Alleged conditions and stipulations of the kind mentioned in the plea with which we are now dealing, plainly cannot be engrafted upon a contract of this kind by parol.

The court erred in allowing such a defense to be filed or proved. *Judgment reversed.*