## .9331. HUNNICUTT COMPANY *v.* KANE.

BROYLES, P. J.   1. The amendment to the bill of exceptions is allowed, and the motion to dismiss the writ of error is denied.

2. Where the defense to a suit is based solely upon a partial failure of consideration, before a verdict can legally be rendered giving the defendant the benefit of such partial failure it is incumbent upon the defendant to show the extent to which the consideration failed. The jury must have sufficient data, presented by the evidence, upon which to base a verdict in such a case. *Grier* v. *Enterprise Stone Co.,* 126 *Ga.* 17 (54 S. E. 806); *Spence Drug Co.* v. *American Soda Fountain Co.,* 11 *Ga. App.* 473, 477 (75 S. E. 817). Under application of this ruling to the facts of the instant case, the trial court erred in overruling the motion for a new trial, and the judge of the superior court did not err in sustaining the certiorari and in ordering a new trial.

> *Judgment affirmed. Bloodworth and Harwell, JJ., concur.*
>
> DECIDED JANUARY 22, 1918.

Certiorari; from Fulton superior court—Judge Bell. October 4, 1917.

The original assignment of error in the bill of exceptions was, that the certiorari "was sustained and judgment rendered against the defendant J. E. Hunnicutt Co.; to which judgment defendant excepted and now excepts and says- the court erred in not dismissing said certiorari." The motion to dismiss the writ of error was on the grounds: "(1) The record does not disclose that any motion to dismiss the certiorari was made in the court below, whereas in the bill of exceptions the only error complained of is the failure of the court below to dismiss the certiorari. (2) Neither the record nor the bill of exceptions sets out the grounds upon which said dismissal was asked, nor the reasons why the court erred in not dismissing the certiorari. (3) There is not a sufficient assignment of error, the grounds recited in the bill of exceptions being too general." The motion to amend the bill of exceptions was that the word "overruling" be substituted for the word "dismissing," so that the exception should be that the court erred in "not overruling the petition for certiorari." Cited by counsel in support of the motion to amend: *Parks* v. *Johnson,* 79 *Ga.* 567; Civil Code (1910), §§ 6184, 6188. Cited contra: *Ocean Steamship Co.* v. *Blumberg,* 16 *Ga. App.* 861.

*W. B. Hartsfield, James J. Slaton,* for plaintiff in error.

*George B. Rush,* contra.