### 9753. CHRISTOPHER *et al.* v. GEORGIAN COMPANY.

WADE, C. J. 1. Where parties sign a bond as guarantors, they can not set up, by way of defense to a suit thereon, that the instrument was executed by reason of a contemporaneous parol understanding with the principal debtor that they were not to be bound, and for a purpose

wholly at variance with its plain tenor and import, as this would in effect be merely adding to and varying the terms of a written contract, by parol evidence. Civil Code, §§ 4268, 5788; *Hirsch* v. *Oliver,* 91 *Ga.* 554 (2), 560 (18 S. E. 354); *Connor* v. *Lasseter,* 98 *Ga.* 708 (25 S. E. 830); *Capps* v. *Edwards,* 130 *Ga.* 146 (4), 150 (60 S. E. 455); *Biggers* v. *Equitable Mfg. Co.,* 124 *Ga.* 1045 (53 S. E. 674); *Athens Mutual Ins. Co.* v. *Evans,* 132 *Ga.* 703 (3), 708 (64 S. E. 993); *Brack* v. *Brantley Co.,* 134 *Ga.* 495 (67 S. E. 1128); *Coleman* v. *Barber,* 137 *Ga.* 22 (72 S. E. 399); *Bush* v. *Roberts,* 4 *Ga. App.* 531 (5), 532 (62 S. E. 92); *Campbell* v. *Alkahest Lyceum System,* 10 *Ga. App.* 839 (74 S. E. 443).

(*a*) The written contract sued upon being complete, unambiguous, and explicit as to terms, the trial judge did not err in rejecting a proffered amendment which attempted to engraft upon its express terms a contemporaneous parol agreement.

2. The action of the trial court in allowing a certain letter to be admitted in evidence over the objection of the defendants is not such error (if error at all) as would require a reversal, since a prima facie case was made out regardless of this evidence.

3. "Prima facie proof of the correctness of an account is made by the introduction of the testimony of witnesses who swear that they had knowledge of the items, made memoranda of the same, and turned them over to a bookkeeper (though they do not at the trial remember the details of the items), supplemented by the testimony of the bookkeeper that he correctly copied these memoranda into the account (though the bookkeeper had no personal information as to the correctness of the items)." *Swift* v. *Oglesby,* 8 *Ga. App.* 540 (4), 543 (70 S. E. 97). "The Civil Code, § 5769, does not say that books of account *must* be put in evidence as proof of such accounts, but provides merely that they *may* be admitted." *Smith* v. *Southern Spring Bed Co.,* 16 *Ga. App.* 449, 451 (85 S. E. 612). "As a general rule, the testimony of persons who have knowledge of the facts from which the books are made up is, as to those facts, primary evidence, and the books themselves are admissible only by way of corroboration." *Harper* v. *Hammond,* 13 *Ga. App.* 238 (3), 240 (79 S. E. 44). Applying these decisions to the evidence adduced in this cause, a case was made out, and there being no evidence whatever introduced in behalf of the defendants, the trial judge did not err in directing a verdict for the plaintiff.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*

DECIDED OCTOBER 16, 1918.

Complaint; from city court of Floyd county—Judge Nunnally. March 5, 1918.

*John W. Bale, M. B. Eubanks,* for plaintiffs in error.

*T. W. Lipscomb, J. L. Deadwyler,* contra.