18641.   REYNOLDS *v.* SPEER.

Decided September 1, 1928.

*C. H. Parker, H. L. Williams,* for plaintiff in error.
*Wade H. Watson,* contra.

BELL, J. To a suit in the city court of Baxley upon a promissory note for $200, made by the defendant to the plaintiff in 1920, the defendant pleaded certain causes for set-off, arising out of an independent contract made between him and the plaintiff in the year 1921. The court struck the plea containing the items of set-off, and, the case then being in default, gave judgment for the plaintiff, and the defendant excepted.

The defendant's answer, so far as material to the question for decision, was as follows:

"9. Further answering plaintiff's petition, this defendant shows unto the court that on or about the 15th day of November, 1921, plaintiff and this defendant entered into a rent contract whereby this defendant was to have the use and privileges of the farm and building on what is known as the ' Jim Slater ' place, situated near Piney Bluff on the Altamaha river in Appling county, Georgia. This defendant shows that said contract of rental between plaintiff and this defendant contained various terms and conditions, one of which was that certain compost situated on the farm rented by and taken possession of by this defendant was to be used on the farm by this defendant without any charge whatever for same, that this was part of the consideration of the rental contract made by and between them. This defendant alleges that by reason of the terms of said rent contract so made by plaintiff and defendant, that plaintiff was not only to furnish said compost, but that he was to furnish this defendant with a manure spreader for the purpose and to be used by this defendant in putting such fertilizer out to the corn crop upon which same was to be used. This defendant shows that there was a sufficient quantity of such fertilizer to have well fertilized thirty acres of corn which it was contemplated by both plaintiff and defendant same would be used upon. Defendant alleges that notwithstanding the fact that this defendant stood ready at all times to use said fertilizer as agreed upon by him and plaintiff, that by reason of the fact that plaintiff failed and refused to furnish said manure spreader as he contracted and agreed to furnish that it was impossible for this defendant to spread said fertilizer, and as a result of same defendant was absolutely unable to use said fertilizer as he expected to do. Defendant shows that by reason of the failure of plaintiff to furnish the manure spreader, and thus the inability of defendant to have the benefit and use of

said compost, that the corn, consisting of about thirty acres, failed to produce anything like it should have produced by reason of the failure to use such fertilizer. Defendant shows that as a matter of fact the thirty acres of corn produced only about three bushels of corn, when as a matter of fact, with the same weather conditions, it would have easily produced the amount of six hundred bushels of corn had plaintiff complied with his part of the contract and furnished such spreader as he contracted to do. Defendant shows that it was impossible for him to secure the service of another manure spreader, and that it was further impossible for him to distribute said compost without the use of a manure spreader. This defendant alleges that by reason of such failure on the part of the plaintiff to furnish said spreader, that the yield of said corn was decreased to the extent of three hundred bushels, and that under the contract of rental existing between plaintiff and defendant that this defendant was to have one half of said corn so produced, making the amount of corn going to this defendant 150 bushels. Defendant alleges that said corn was worth the sum of eighty-five cents per bushel, making the sum of $127.50 loss sustained by this defendant by reason of the breach of said rental contract by plaintiff, and this defendant alleges that plaintiff is indebted to him in said sum of $127.50 by reason of the failure of plaintiff to carry out the terms of his contract with defendant with respect to furnishing such manure spreader.

"10. Further answering plaintiff's petition, this defendant alleges that plaintiff committed a further breach of the rental contract herein referred to in that as a part of said contract plaintiff was to furnish this defendant certain brood sows for the purpose of raising hogs on shares, plaintiff and defendant under such contract were to divide the hogs so raised half and half. This defendant alleges that the plaintiff was to furnish wheat shorts for the purpose of feeding such sows and pigs, but this defendant alleges that while plaintiff furnished the brood sows as agreed upon that he failed to comply with his part of the contract in furnishing sufficient food for keeping up such sows and their brood. This defendant alleges that by reason of such failure on the part of plaintiff to furnish such feed for said hogs that this defendant was damaged in the sum of $135 by reason of such failure, defendant alleges that there were 90 pigs, the offspring of such brood sows, one

half of which were the property of this defendant, and this defendant alleges that each of said hogs was damaged $3 per hog by reason of failure to have sufficient feed provided under the terms of their contract, making a total of $135 damages sustained by this defendant by reason of plaintiff's failure and refusal to comply with his contract in this respect.

"11. This defendant alleges further that plaintiff committed another breach of his contract of rental as herein referred to, in that he failed to furnish this defendant with a drill or seeder as he was obligated to do under the terms of the rent contract existing between plaintiff and this defendant. Defendant alleges that while he in fact planted the oats and peas without a drill or seeder, that as a matter of fact it required two men instead of one to do this work, hence this defendant was placed to an additional expense of $10, which expense he would not have been required to undergo had plaintiff complied with his contract and furnished such drill or seeder."

We can not agree with counsel for the defendant in error in the suggestion that the assignments of error in the bill of exceptions are insufficient to raise any question for decision.

The assignment was sufficient to present the question of whether the answer set forth any valid defense, and in our opinion the answer was good as against the motion to strike. This view is fully supported by the authorities cited in the headnotes.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*