20709. CHESTNUTT *v.* BITTICK *et al.*

DECIDED OCTOBER 8, 1930.

*Hallie B. Bell, Julian F. Urquhart,* for plaintiff in error.

*William Bradford Freeman,* contra.

LUKE, J.  Bittick Motor Company, a partnership composed of L. C. and R. J. Bittick, sued O. M. Chestnutt in the municipal court of Macon on an account aggregating $55.66.  At the conclusion of the evidence the court directed a verdict against the defendant for the full amount sought to be recovered.  The certiorari sued out by the defendant was overruled, and he excepted.

The account sued on was for automobile parts, work, gasoline, and oil, the items for the year 1926 aggregating $69.63, and the items for 1927 totaling $58.43.  Credits reduced the account to $55.66. In his answer the defendant specifically denied owing the account, and further pleaded that the plaintiffs were not to make any charge for work done and material furnished therefor in 1927, "for the reason that plaintiffs had worked on defendant's automobile . . in 1926, and that said work was worthless, defective, and of no value."  The defendant pleaded also "that all of the work set out in plaintiff's petition . . was worthless, defective, and was of no value to this defendant, and that all of the work was a total failure of consideration."

L. C. Bittick testified: that he operated Bittick Motor Company and kept the books for that concern during the years 1926 and 1927; that the defendant's automobile was in his place often; that the defendant made no complaint about it to witness; that witness had several people working for him and could not swear to all of the items; that he made correct copies of the charges as they came to him—copied the entries on the book from the charge slips; that Mr. Waits and Mr. Hutchings worked on the defendant's car; and that the witness did not know about certain items charged for labor. Eugene Waits testified: that he worked on the defendant's car several times; that he made regular slips for the work done by him; that he saw other mechanics working on the car; that the defendant never complained to witness about his automobile; and that witness did not know about the account.  Plaintiffs then introduced their account book in evidence and rested.

O. M. Chestnutt testified as follows: "The first bill is all right.  The account against me in 1927 I do not owe.  This car was not fixed.  It would not run.  I had the car fixed at Ellis Motor Company . . and it never gave me any more trouble.

I carried the car back several times. They never did fix it. I guess the gas was all right. . . I do not think I owe them anything; the work was defective." W. M. Tribble, sworn for the defendant, testified that he worked across the street from Bittick Motor Company and heard Mr. Hutchings guarantee the car for six months. Both parties closed, and the defendant's counsel moved to exclude the items for labor about which Mr. Bittick testified he knew nothing, for the reason that there was no proof of such items, and because Mr. Bittick himself swore that he knew nothing about said items. The court overruled this motion, and directed a verdict against the defendant for the full amount sued for.

It will be observed that Eugene Waits testified that he made regular time-slips for the work he did; that he saw others working on the car; and "I do not know about the account." Neither Mr. Hutchings nor any other mechanic testified at the trial. Mr. C. L. Bittick testified that he did not know about the items objected to. We do not think that the book of account was prima facie evidence of the correctness of the said items. Certainly it was not competent evidence to corroborate the testimony of the witness Bittick as to a fact about which the witness knew nothing. We hold that the court erred in refusing to exclude the items for labor, objected to. See *Christopher* v. *Georgian Co.*, 22 *Ga. App.* 707 (3) (97 S. E. 97), and cit.; Civil Code (1910), § 5769.

The foregoing conclusion is controlling, since, if it is correct, the court erred in directing a verdict for the full amount sued for. It follows that the judge of the superior court erred in overruling the certiorari.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*