No. 3841

Second Circuit

(Second Division)

———

HOUSTON-LONG CO., INC., v. FAIRCLOTH

———

(November 18, 1931. Opinion and Decree.)

———

Charles M. Roberts, of Minden, attorney for plaintiff, appellee.

Wallace & Hardeman, of Benton, attorneys for defendant, appellant.

STEPHENS, J. The plaintiff sues to recover the balance due on an installment note, amounting to $277, and for $15.10 for services alleged to have been rendered the defendant in the nature of repairs on an automobile, and further for recognition of a vendor's lien and privilege on an automobile alleged to have been sold to the defendant by plaintiff and for which the note referred to was given.

The defendant answered, admitting the purchase of the automobile from the plaintiff, and the execution of the note as representing the purchase price. The defendant alleged that the automobile purchased from the plaintiff was so defective that it was unfit for the purpose for which it was intended; that he had returned the automobile to the plaintiff soon after its purchase; and that the defendant had accepted it, and that the obligation to pay the purchase price which was represented by the note was thereby extinguished. The defendant denied that he owed the repair bill of $15.10.

A trial of the case resulted in a judgment in favor of plaintiff in the sum of $277, with interest and attorney's fees, and recognizing plaintiff's vendor's lien and privilege on the automobile, and rejecting the $15.10 item for repairs. The defendant prosecutes this appeal.

The record discloses that one Mr. Bledsoe, representing the plaintiff corporation, sold the defendant a second-hand Chrysler sedan automobile, on April 4, 1929, with warranty that it was in good mechanical condition. The defendant executed the note sued on in consideration thereof. Immediately after the transaction was consummated by the delivery of the automobile, it developed that it had no lights; the wiring for lights was defective; the battery was too weak to turn the starter; gear shifting was difficult because of a defective differential; that the timer chain was worn out and had to be replaced, and the clutch was so eccentric in character and erratic in its operation that sometimes it would grab and cause the automobile to jump, and at other times it would slip. The automobile was in a very poor state of repair when delivered. In less than a week thereafter, it developed a tendency to lose a rear wheel. On two occasions while the automobile was being operated, the rear axle worked its way out of its housing a distance of more than a foot. It was necessary that it be hauled in a number of times during the short duration of defendant's possession.

The defendant delivered the automobile to the plaintiff and paid one installment of $35 on his note, and took the position, which he here asserts, that his obligation was discharged. We think his position is correct and that it is supported by considerations of both law and equity.

The defendant is entitled to the relief provided by article 2520 of the Civil Code which reads as follows:

"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."

The automobile was practically useless, or at least, its use was so inconvenient and imperfect that it must be supposed that the defendant would not have pur-

chased it had he known of its vices. A number of the defects were not apparent upon simple inspection, and were therefore redhibitory vices. C. C. 2521. It is not disputed that the plaintiff's agent, Bledsoe, guaranteed the automobile to be in good mechanical condition, or that he was authorized to do so. The defendant delivered the automobile soon after its purchase to the plaintiff, thereby restoring the seller to the situation which existed at the time of the sale, and thus availing himself of the right to maintain the redhibitory action as a defense to a suit for the purchase price.

The district judge was of the opinion that the evidence justified the rescinding of the sale because of redhibitory defects, but denied such relief on the ground that defendant had not sued for a rescission. We quote from his opinion:

"Defendant possibly offered sufficient testimony for a rescission of the sale, and the brief indicates that that was the defense, however, after careful reading of the answer I do not find any demand for rescission of the sale. Possibly if that had been the defense the defendant could be granted relief, or if defendant had defended on the ground of failure of consideration he might be granted relief.
"Under a prayer for general relief, it is sometimes possible to grant relief not specifically prayed for, but in all such cases there should be some pleading that would justify granting relief under the general prayer, and I find no pleading in the answer to justify either a rescission of the sale, or a rejection of plaintiff's demands on the ground of failure of consideration."

It is true, as stated by the district judge, that a rescission of the sale is not specifically prayed for, and that the allegations which appear in the answer do not distinctly give it the character of a redhibitory action, but the facts which were adduced on the trial of the case, which were not objected to, amplified the pleadings to the extent that we think a proper basis was laid for granting a rescission of the sale in response to the defendant's prayer for general and equitable relief.

No proof was offered to support the demand for $15.10 for repairs.

It is ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided and reversed except in so far as it rejects plaintiff's demand for the item of $15.10; and that there now be judgment in favor of the defendant and against the plaintiff, rescinding and setting aside the sale of the automobile and rejecting plaintiff's demands in toto.