29169.   KIRKLAND *v.* JOHN DEERE PLOW COMPANY.

DECIDED DECEMBER 4, 1941.

*Fort & Fort,* for plaintiff in error.

*Dykes, Bowers & Dykes, Wingate Dykes, Jones, Powers & Williams, Hugh M. Dorsey Jr.,* contra.

FELTON, J.  (After stating the foregoing facts.)

■  The court admitted in evidence an order to Americus Implement Company signed by the defendant for "one model-L tractor, 1-L-16 cult., 2 No. 12 spread bars." The order provided: "All machines ordered herein are warranted as per printed warranty on other side." All of the warranties on the back of the order were warranties of the John Deere Plow Company. The order further provided: "This order is signed in triplicate and covers the entire agreement between us." The order was signed by the defendant and the Americus Implement Company. It also provided for the execution of the notes sued on, as to dates, amounts, and interest. The defendant excepted to the admission of the order in evidence over the objections that it was irrelevant and immaterial; that it was not the contract sued on, and not a contract between the parties to the suit; that the John Deere Plow Company claimed to be an innocent purchaser of the notes and is now undertaking to rely on the order of which it claims to have received a copy. This contention is without merit. The defendant contended that the plaintiff was not an innocent purchaser of the notes. If he was correct in that·contention the result would be that he could set up any defense against the plaintiff that he could against the Americus Implement Company, not taking into consideration the plaintiff's warranties on the back of the order, by which the payee was not bound. In view of such a contention by the defendant the admission of the order was not error, for the reason that it shows that the alleged defense was not good as against the Americus Implement Company. The order provided that it covered the entire agreement between the parties. This provision excluded any *contemporaneous parol warranty* that the tractor would operate the particular peanut picker owned by the defendant which is the only such warranty shown by the evidence. This parol warranty is inferentially relied on, and can not be upheld in view of the provisions of the order. That the order had not been assigned to the plaintiff is immaterial.

■  Another exception is to the direction of the verdict, on the grounds that the notes sued on, which the defendant contends constituted the entire contract, were silent as to any warranty, and because the implied warranty imposed by law would prevail, and that the court should therefore have submitted the issue of failure

of consideration to the jury. This contention is without merit because, whether the notes are silent on the subject of warranty, or whether the notes *and the order* referred to are silent as to warranties on the part of the Americus Implement Company, there is no evidence of a breach of the implied warranty relied on. That implied warranty is that the article sold would be suited for the purposes intended. However, where one orders a definitely described machine from a dealer or manufacturer and receives the machine ordered, the law implies a warranty of its fitness *for the purposes for which it was manufactured,* and not for the purpose for which it was bought by the purchaser, known to the dealer or manufacturer; and this is true when the seller assures the buyer that it will accomplish his purposes when the assurance is followed by a written contract which is silent on the subject. *Kontos* v. *Jordan,* 57 *Ga. App.* 267 (195 S. E. 210), and cit. There was no evidence in this case to the effect that the defendant did not get the kind or model tractor he ordered, or to the effect that it was made to operate a peanut picker, or the particular kind of peanut picker owned by the defendant. The evidence showed only that the dealer seller orally guaranteed the tractor to operate a peanut picker satisfactorily. He was not bound by this oral guarantee because the order provided that it covered the agreements between the parties, as has already been shown.

■ Under the notes sued on and the order, exclusive of the plaintiff's warranties on the back of the order, the unsuccessful effort on the part of the plaintiff to make the tractor operate to the defendant's satisfaction was not an admission of liability and was a voluntary gesture by which it bound itself in no way. There was no warranty from anybody that the tractor would operate the defendant's peanut picker, and the plaintiff's effort to cause it to do so did not put it under obligation to succeed in the task without a new contract and a new consideration, which the evidence did not show. Neither would the fact that the plaintiff's agent, in the effort to make the tractor operate the peanut picker, told the defendant in effect that if the tractor wouldn't do the work he would take it back. The evidence showed no valid binding agreement to rescind the contract. All the evidence showed was that the plaintiff's agent agreed to take the tractor back without paying the defendant $100, and that the defendant offered to rescind if the plain-

tiff would pay him $100. The plaintiff was not bound, under its warranty on the back of the order, under the facts of this case, by anything any agent did, for the reason that the warranty provided that the purchaser agreed "to give each machine a fair trial as soon as possible after receiving same and within one day after its first use, and if it then fails to work well with proper handling, to give the dealer written notice within three days after said trial, stating the nature of the trouble, and allow a reasonable time for the plow company to send a competent man to examine it, and the plow company shall then be allowed a reasonable time to send instructions or otherwise remedy the trouble (the purchaser agreeing to render necessary and friendly assistance) and may at its option substitute new parts or a new machine. If the plow company fails to send a man or if the machine as then adjusted, repaired or replaced, still fails to fulfill the warranty, the purchaser shall decide within two days thereafter whether to keep it or return it, and if he desires to return it, he shall give the dealer immediate written notice, tender the machine at the place where delivered to him, in as good condition as when received, natural wear excepted, and request the refund of the purchase-price, repayment of which shall constitute a settlement in full. The plow company assumes no liability hereunder, either to put the machine in good working order or to take it back, unless such trial is made and such notices are given within the time specified. Failure to give such notices or use of the machine for more than one day or continued retention of possession shall be considered an unconditional acceptance and a fulfillment or waiver of all warranties and no assistance rendered by the plow company in operating any machine or in remedying any actual or alleged defects, either before or after said trial period, shall waive or excuse failure by the purchaser to comply with said conditions."

The evidence showed that no written notice was given. The effort on the part of the plaintiff to make the tractor do the desired work was not a waiver (*Brooks Lumber Co.* v. *Case Threshing Machine Co.*, 136 *Ga.* 754, 72 S. E. 40), and under the provisions of the warranty no agent had the authority to agree to waive any conditions of the agreement and warranty. See *International Harvester Co.* v. *Dillon*, 126 *Ga.* 672, 675 (55 S. E. 1034); *Brooks Lumber Co.* v. *Case &c. Co.*, supra; *McCormick Harvesting Co.* v.

*Allison,* 116 *Ga.* 445 (42 S. E. 778) ; *Case Threshing Machine Co.* v. *Cook,* 7 *Ga. App.* 631, 635 (67 S. E. 890) ; *International Harvester Co.* v. *Morgan,* 19 *Ga. App.* 716 (92 S. E. 35). If the warranty on the back of the order did not cover the particular tractor here involved, as the defendant contends, what has been said generally on the subject of the application of the implied warranty would control the case against him.

■ The evidence demanded the verdict for the plaintiff, assuming, for the sake of argument, and for that purpose only, that the Americus Implement Company was the agent of the plaintiff and that the plaintiff was not a bona fide holder of the notes. The court did not err in directing a verdict for the plaintiff or in overruling the defendant's motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*