32534. FINDLEY *v.* DOWNING MOTORS INCORPORATED.

DECIDED JULY 15, 1949.

*Duke & Lowe*, for plaintiff.

*Ben T. Beasley Jr.*, for defendant.

Worrill, J. The petition here attempts to make a cause of action based solely on an alleged breach of warranty, and the cause set out is not predicated on the reliance by the plaintiff upon false and fraudulent representations, made to deceive, and

to induce the execution of the contract, and acted on by the plaintiff. Under this state of the record, then, the only questions for determination in this case are: In the sale of personalty, are all representations or warranties, made before the consummation of the contract, binding on the seller after the contract of sale is reduced to writing, and the only statement contained in such writing relating to such warranties is the statement, "Sold 'as is'"? Or, to restate the question in a different form: Where the seller and buyer of personalty orally strike a bargain after the seller has made certain affirmative and oral representations, is the effect of the representations as a part of the contract of sale obliterated by the seller handing to the buyer a paper entitled "Bill of Sale" in which are the words, "Sold 'as is'"? Are such words an express limitation as to warranties?

We first come to consider the meaning of the term "Sold 'as is.'" So far as we have been able to determine, the term has not been defined in Georgia, but the courts of other States have inquired into its meaning in similar cases. The Court of Appeals of Louisiana, in considering the question in Roby Motors Co. v. Cade (La. App.) 158 So. 840, quoted approvingly from Berry in his work on Automobiles, vol. 2, p. 1412, in part as follows: "Its use implies that the buyer takes a chance in making the purchase. It seems to imply the thought that the buyer is taking delivery of goods in some way defective, and upon the express condition that he must trust to his own examination. The very words, "as is,' taking this contract as a whole would cause a person to know that the seller meant to say to the buyer, 'You look the article over, and, if you buy it, you do so at your risk.' It means much the same as saying, 'If you buy you take the article with all its faults.'" See Williams v. McLean, 180 Miss. 6 (176 So. 717); Regula v. Gerber (Ohio), 70 N. E. 2d, 662. We think that this interpretation of the term is correct, and that the words, "as is," when contained in a contract for the sale of personalty amount to an express limitation of warranties, and that unless the written contract itself contains express warranties, the article is sold unwarranted.

"Written evidence is considered of higher proof than oral; and in all cases where the parties have reduced their contract, agreement, or stipulation to writing, and assented thereto, it is the

best evidence of the same." Code, § 38-205. "Parol contemporaneous evidence is inadmissible generally to contradict or vary the terms of a valid written instrument." § 38-501.

"Previous negotiations are merged in a subsequent written contract, and additional obligations cannot be grafted thereon by parol testimony, unless made subsequently to the contract and upon a valuable consideration." *Champion Mfg. Co.* v. *W. W. Crandall & Co.*, 16 *Ga. App.* 536 (85 S. E. 673).

" 'The rule which denies effect to an oral agreement which contradicts a written contract entered into at the same time or later is not one merely of evidence, but is one of positive or substantive law founded upon the substantive rights of the parties.' 20 Am. Jur., 963, § 1100. It is settled by numerous decisions of this court that, where parties have reduced to writing what appears to be a complete and certain agreement, it will, in the absence of fraud, accident or mistake, be conclusively presumed that the writing contains the entire contract, and parol evidence of prior or contemporaneous representations or statements can not be allowed to add to, take from, or vary the written instrument." *Albany Federal &c. Assn.* v. *Henderson*, 198 *Ga.* 116, 142 (31 S. E. 2d, 20); *Bullard* v. *Brewer*, 118 *Ga.* 918 (45 S. E. 711).

The petition in this case alleges that certain oral warranties were made prior to the consummation of the sale, at which time the contract or bill of sale was executed. The written bill of sale shows that as a part of the contract the plaintiff took the automobile "as is," and, as we have shown, this means without any warranty as to physical or mechanical condition or soundness. It is obvious, therefore, viewing the petition and exhibits as a whole and under the rules of law set forth, that the plaintiff, in order to prevail, would have to rely upon parol evidence, which he could not introduce in the face of the written contract exhibited with his petition. Therefore, the plaintiff's petition does not state a cause of action, and the court properly dismissed it on general demurrer.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*