### 39773. GENERAL ACCEPTANCE CORPORATION v. NIX FORD, INC.

RUSSELL, Judge. 1. Where in answer to a suit on a note the defendant generally denies the indebtedness and sets up affirmative matter to show that he does not owe the plaintiff anything but the affirmative plea is insufficient in law, then the mere denial unsupported by facts showing an issuable defense is also insufficient in law to present a jury question. *Johnson v. Cobb,* 100 Ga. 139 (28 SE 72). The defendant may, however, admit the indebtedness and affirmatively set up other matter by way of setoff or counter-claim, which, if properly pleaded, is sufficient to set out an issuable defense. *Code* § 20-1302; *Reynolds v. Speer,* 38 Ga. App. 570 (144 SE 358). The defendant here, after admitting the notes, denied the indebtedness, alleged that the plaintiff was indebted to it in the sum of $1,296.29, for payments on reserve accounts for November and December, 1960, and January, 1961, which plaintiff in its pleaded contract showed were to be paid monthly to the defendant and which defendant alleged had not been paid, and the defendant then admitted a balance owing by it to the plaintiff in the sum of $992.84 which it alleged it had paid on February 27, 1961. The pleadings thus showed the defense of payment in full, and a general demurrer to an answer on the ground that it pleaded no issuable defense was properly overruled.

2. The evidence on the trial of the case showed generally that the plaintiff extended credit toward the purchase of automobiles from the manufacturer delivered to and sold by the defendant dealer under certain written agreements implemented by trust receipts and other security instruments; that defendant paid plaintiff stated amounts at the time of cash

sales of automobiles delivered to its lot and also assigned to plaintiff for collection secured notes taken by it on time sales of its automobiles financed by the plaintiff; that plaintiff, which collected the notes assigned to it in monthly instalments, placed a part of the defendant's portion of the funds in a special reserve account held to cover subsequent contingent losses and the balance in a general reserve payable to defendant monthly, and that the credits claimed by the defendant against the amounts admittedly owed to the plaintiff for the three months in question were correct and had not been paid. The plaintiff introduced in evidence a balance sheet which its officers testified was correct, and which showed that the credits on the monthly reserve for November, December, and January had been allocated to payment of other accounts as to which no evidence at all was introduced. The defendant testified positively that after setting off the monthly reserves admittedly due against the balance on the notes admittedly owed to the plaintiff, a check tendered for the balance of $992.84 but returned uncashed represented payment in full of its indebtedness. Accordingly, a verdict for the plaintiff in this amount only, plus interest and attorney fees, was authorized by the evidence.

3. Granting that parol evidence, even where admitted without objection, is ineffectual to vary the terms of a written instrument (*Cleghorn v. Shields*, 165 Ga. 362 (2), 141 SE 55), and that the evidence in this case showed a breach of contract by the defendant in failing to remit the proceeds of the sale of the Ford Galaxie automobile, it authorized a finding that the plaintiff also breached the contract in retaining the November, December and January reserve accounts, apparently because of its desire to strengthen the special reserve. The jury was authorized to set off these debts in the manner contended for by the defendant. Accordingly, there was no error in denying the motion for judgment notwithstanding the verdict and the motion for new trial on the general grounds only.

*Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*
DECIDED NOVEMBER 15, 1962.

*Howard T. Oliver, Jr.*, for plaintiff in error.
*Telford, Wayne & Smith, Joe K. Telford*, contra.