43004. CLAXTON v. PULLMAN, INC.

Argued September 11, 1967—Decided October 2, 1967.

*Nelson & Nelson, Carl K. Nelson, Jr., B. B. Hayes,* for appellant.

*Wm. Malcolm Towson, Rowland & Rowland, Emory L. Rowland,* for appellee.

QUILLIAN, Judge. ■ The defendant, appellant here, enumerates as error the admission of the sale order for the trailer in question. He contends that the sale order was inadmissible and should have been excluded because: (a) the warranty and conditions of sale were on the reverse side and were not included in the contract; (b) the sale order was not accepted as required by the contract.

■ The defendant urges that since the contract contains a provision, "See warranty and conditions of sale on reverse side," which follows the signatures of the parties, this was insufficient to incorporate the warranty and conditions into the contract; hence, those portions should not have been allowed in evidence. At the beginning of the contract and before the signatures is the following provision: "The purchaser(s), whose name(s) and address(es) are given above, hereby order from Pullman Incorporated (Trailmobile-Division), seller, *subject to the terms, conditions, agreements and specifications set forth on the face and reverse side hereof, or attached hereto,* the following described equipment." (Emphasis supplied.) This provision does incor-

porate the warranty and conditions into the contract and thus nullifies the ground of objection.

A block at the bottom of the contract reads: "This order is subject to the written acceptance of seller by its Factory Sales Department." Since this block was left vacant the defendant contends the contract was not accepted, by its terms, and thus subject to exclusion. We find no merit in this argument since the plaintiff, seller, clearly accepted the contract by performance, that is, by delivering the trailer to the defendant.

The "warranty" in the sale order reads: "All used trailer equipment (including any and all accessories, whether new or used, which may be installed thereon), and all used accessories (whether sold separately or installed on new or on used trailer equipment), are sold in the 'as is' condition and no expressed or implied warranty is made with respect to its condition, year of manufacture or any other matter whatever." The subject matter of the sale order and subsequent foreclosure proceedings was a used trailer. It is well settled that selling "as is" and with specific disclaimer of warranty is sufficient to negate all warranties, express or implied. *Findley v. Downing Motors,* 79 Ga. App. 682, 684 (54 SE2d 716); *Wilson v. Eargle,* 98 Ga. App. 241, 250 (105 SE2d 474). Thus, under the parol evidence rule, the evidence of additional specifications or requirements was without probative value (*Cleghorn v. Shields,* 165 Ga. 362 (141 SE 55)) and, under an express disclaimer of warranty, evidence showing failure of implied warranty under *Code* § 96-301 (now repealed but applicable to the instant case) likewise was of no avail to the defendant.

The defendant also contends that a written memorandum agreeing to make certain repairs to the trailer which was signed by plaintiff's agent subsequent to the trailer's delivery and after the execution of the sale order and conditional sale contract would amount to a subsequent modification of those instruments and hence would raise a jury question as to whether the defendant would be entitled to an abatement of the purchase price.

As pointed out in *Kirkland v. John Deere Plow Co.,* 66 Ga. App. 304, 307 (18 SE2d 109), statements and attempts to remedy a situation do not amount to a new agreement or warranty ab-

sent new consideration. Moreover, assuming but not deciding that the plaintiff obligated itself to correct certain deficiencies, the rule is, "Where the defense to a suit is based solely upon a partial failure of consideration, before a verdict can legally be rendered giving the defendant the benefit of such partial failure it is incumbent upon the defendant to show the extent to which the consideration failed. The jury must have sufficient data, presented by the evidence, upon which to base a verdict in such a case." *Hunnicutt Co. v. Kane*, 21 Ga. App. 665 (2) (94 SE 821); *Brown Shoe Co. v. Crosby*, 30 Ga. App. 534 (5) (118 SE 446). The record contains not an iota of evidence as to the cost of making the repairs or as to difference between value contracted for and that furnished. Hence, there was no evidence from which a jury could determine that the amount sought should be abated.

The defendant failed to sustain any defense to the foreclosure and the trial judge did not err in directing a verdict for the plaintiff.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*