44638, 44639. ROMINES v. WAGSTAFF MOTOR COMPANY, INC.; and vice versa.

ARGUED SEPTEMBER 11, 1969—DECIDED OCTOBER 17, 1969— REHEARING DENIED NOVEMBER 7, 1969.

*Lewis, Lewis, Spearman & Bynum, Thomas J. Lewis, Jr., Eugene A. Deal, Joe H. Bynum, Jr.,* for appellant.

*Levine & Cohn, Morton P. Levine,* for appellee.

QUILLIAN, Judge. ■ The plaintiff argues that there was an issue of fact as to whether the written sale agreement reflected the same terms as those that had been agreed upon orally, however he admitted that it was his signature on the documents. While the petition alleged that he was asked to sign the papers without being given an opportunity to read them, there was no allegation that the plaintiff was prevented from reading the documents by any trick or fraud of the defendant. Therefore the plaintiff was bound by the terms of the written contract. *B. E. Robuck, Inc. v. Walker,* 212 Ga. 621, 623 (94 SE2d 696). Furthermore, parol evidence as to the terms of the agreement made prior to execution of the document is not effective to vary the terms of the written contract. *Cleghorn v. Shields,* 165 Ga. 362 (141 SE 55); *Code Ann.* § 109A-2—202 (Ga. L. 1962, pp. 156, 177).

■ The plaintiff further contends that there was an issue of fact whether he signed a check for $500 payable to the defendant. The plaintiff having admitted it was his signature on the check, his contention is without merit and is controlled by Division 1 of this opinion.

■ The plaintiff further states that the summary judgment should not have been granted because the defendant allowed G.M.A.C. to repossess his 1963 Pontiac. The record shows that the Pontiac was repossessed because of the plaintiff's failure to keep the payments current after the defendant had elected to rescind the sale contract due to the failure of the plaintiff's $500 check to clear the bank.

■ The appellant insists there was also an issue of fact because he asked to "call the deal off and he would redeliver the Plymouth to the appellee and for appellee to return his Pontiac and personal effects, together with his $287.85 down payment." This argument is without merit because the defendant did in fact rescind the sale contract and tender the plaintiff's personal effects to him. However in rescinding the contract the defendant only tendered the plaintiff $67.85 and retained $220 as reasonable hire for the 22 days the plaintiff had possession of the automobile.

There was a provision in the sale contract that if the defendant was unable to sell or assign the contract to financing institutions with which it did business the contract was annulled and the purchaser would be liable to the seller for any damages resulting therefrom. The record contains an uncontradicted affidavit that the defendant was unable to sell or discount the sale contract because of the plaintiff's credit report.

Assuming arguendo the value of the use of the 1966 automobile for the 22 days would constitute damages under the provision of the contract stated above, the granting of the summary judgment for the $220 as "reasonable hire" of the 1966 automobile was error, because that issue could only be determined by the use of opinion evidence. *Harrison v. Tuggle,* 225 Ga. 211 (167 SE2d 395) ; *Ginn v. Morgan,* 225 Ga. 192 (167 SE2d 393).

■ Under that which was held in *Garrison v. Piatt,* 113 Ga. App. 94 (147 SE2d 374) the cross appeal of the defendant is without merit.

*Judgment reversed in Case No. 44638; affirmed in Case No. 44639. Pannell and Evans, JJ., concur.*