45702.   MULTI-LINE MANUFACTURING, INC.
v. GREENWOOD MILLS, INC.

ARGUED OCTOBER 1, 1970—DECIDED FEBRUARY 23, 1971.

*Johnson & Beckham, William P. Johnson,* for appellant.

*Anderson, Walker & Reichert, Albert P. Reichert, Jr.,* for appellee.

QUILLIAN, Judge. In this case the controlling question is whether the plaintiff established that it was entitled to recover on an action for the price under the provision of *Code Ann.* § 109A-2—709 (1), (1, b) (Ga. L. 1962, pp. 156, 228). That section provides: "(1) When the buyer fails to pay the price as it becomes due the seller may recover, together with any incidental damages under the next section, the price . . . (b) of goods identified to the contract if the seller is unable after reasonable effort to resell them at a reasonable price or the circumstances reasonably indicate that such effort will be unavailing."

As pointed out in an excellent discussion on this section contained in Duesenberg-King's, Sales: "This sub-section gives further encouragement to the aggrieved seller to pursue his remedy of resale before attempting to bring suit against the buyer for the purchase price. One good example of the type of situation in which *the price action would be available is the case of specially manufactured goods not suitable for resale to any person other than this particular buyer.*" The Official Comment ULA, UCC § 2-709 (1, b) points out: "2. The action for the price is now generally limited to those cases where resale of the goods is impracticable except where the buyer has accepted the goods or where they have been destroyed after risk of loss has passed to the buyer. 3. This section substitutes an objective test by action for the former 'not readily resalable' standard. An action for the price under subsection (1) (b) can be sustained only after a 'reasonable effort to resell' the goods 'at reasonable price' has actually been made or where the circumstances 'reasonably indicate' that such an effort will be unavailing." The language of this subsection clearly evinces legislative intent that these matters ordinarily should be subject to determination by a jury and not by the court.

Including the requirement of identification of the goods to the contract, the evidence as to the other requirements under this subsection is found in affidavit of plaintiff's merchandise manager which we set out in full: "Buyer attempted to cancel the balance of material being held for it by letter dated November 19, 1968.

However, the goods have not been sold off because they cannot be sold at a reasonable price and because buyer has indicated that it might still want to take the goods. At all times on and after the date of the buyer's refusal to take these goods, they would have had to be sold at no more than 50% of their original invoice price. This is because the goods constitute a small remaining balance of a large order, consisting of odd yardages and broken color lots, put up especially for this customer and not readily usable by other customers. Today these goods could be sold for about $3,500, which is about $3,800 less than the invoice amount of $7,365.14. As previously stated a large part of this decline in value is due to the fact that the material is in colors ordered by the defendant in odd yardage and broken lots, put up especially for this customer, and in this particular customer's color assortment. In addition, the shade olive is not a color currently in vogue. All of the material being held has been designated as part of the goods under the sales note above referred to. It complies with the specifications in the sales note including having a Scotchgard finish."

Whether affiant be considered an expert or not, his recitation as to reasonableness of the plaintiff's course of action and as to the value at which the goods could be sold was by its nature opinion testimony. As to the effect of this testimony where summary judgment is sought, see *Romines v. Wagstaff Motor Co.,* 120 Ga. App. 608, 611 (171 SE2d 752); *Ginn v. Morgan,* 225 Ga. 192 (167 SE2d 393); *Harrison v. Tuggle,* 225 Ga. 211 (167 SE2d 395). In the latter case the Supreme Court held that where the issue involved whether the property was reasonably suited for "single family residential R-85" or reasonably suited for any other purpose other than a shopping center was not subject to summary adjudication. Thus, the proof here offered would not entitle the plaintiff to a judgment as a matter of law and was insufficient to warrant the grant of a summary judgment.

*Judgment reversed. Bell, P. J., and Whitman, J., concur.*