51923. LYON v. PATTERSON et al.

CLARK, Judge.
The crucial issue in this appeal by plaintiff below from the grant of defendants' motion for directed verdict is whether a condition precedent to a written contract may be proved by parol evidence.

Appellant brought suit against the Superintendent of the Banks County School System and members of the county board of education, alleging a breach of her employment contract. That the parties did enter into such a written agreement and that appellant was not permitted to teach during the specified term of the agreement is not disputed. In addition, defendants concede that the sole condition contained in the agreement—that the "contract is contingent upon the teacher continuing to hold a valid certificate issued by the State Board of Education"—has been satisfied by the plaintiff. It is contended, however, that the employment

contract was contingent upon the fulfillment by appellant of her oral promise to obtain certification in the field of remedial reading which was to be done by completion of certain course work during the University of Georgia's summer session. Although the contract itself did not mention such contingency, the trial court permitted proof of the alleged condition precedent by parol evidence.

At the conclusion of the evidence, both parties moved for a directed verdict. The transcript indicates that this was the first experience for the trial jurist with such motions being made by both litigants. Based upon a misconception from practice prior to the Civil Practice Act of 1966 that the court was to take the case away from the jury in such circumstances, the judge below discharged the jury. For the benefit of bench and bar we note that Code Ann. § 81A-150 (a) expressly provides that "a motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts." The trial judge then accepted defendants' contention that the uncontroverted evidence showed a condition precedent to the contract which had not been met. Accordingly, judgment was entered for defendants. This appeal followed. *Held:*

"[T]here is no rule of law better settled, or more salutary in its application, than that which refuses to admit oral testimony to contradict, vary, or materially affect, written agreements. . ." Thus wrote Justice (later Georgia's first[1] Chief Justice) Lumpkin in *Rogers v. Atkinson,* 1 Ga. 12, 20 (1846), this state's first judicial recognition of the parol evidence rule. The rule has since been codified (see Code Ann. §§ 20-704 and 38-501) and has retained its vitality in numerous judicial decisions.

The application of the parol evidence rule to cases involving alleged oral conditions precedent to written contracts has been far from uniform throughout and within the various states and federal judicial districts. Moreover, the analyses contained in the opinions on this

---

[1]The office of Chief Justice was not created until 1866, twenty-one years after the establishment of the Supreme Court in 1845. See 36 Ga. 19.

subject have, in the words of Professor Corbin, "been conspicuous for their uncertainty and confusion." It is, perhaps, for these reasons that both parties to the instant suit were able to cite numerous decisions by our appellate courts which seemingly control their respective and contrary legal contentions.

Despite the apparent incongruity of this area of the law, the majority of jurisdictions generally permit parol evidence of a condition precedent unless the alleged condition is clearly contrary to the terms of the writing. See Corbin, Contracts, Vol. 3, § 589 (1960); 32A CJS 319, Evidence, § 935; 30 AmJur2d 172, 173, Evidence, § 1038; Restatement of the Law of Contracts 340, § 241 (American Law Institute). The oft-stated reason for allowing evidence of the oral agreement is that proof of the unfulfilled condition would show that no valid contract ever existed.

Unlike the rule which has evolved in most jurisdictions, Georgia courts have traditionally shown extreme reluctance in permitting parol evidence of an alleged condition precedent. And while some of the earlier decisions have expressed conflicting views on this subject, the issue was resolved in favor of the more restrictive rule in *Smith v. Standard Oil Co.,* 227 Ga. 268 (180 SE2d 691).[2] Over the strong dissent of Justice (later Chief Justice) Benning M. Grice,[3] a majority of our Supreme Court Justices there ruled that parol evidence could not be utilized to impose unstated conditions upon a written contract which was unambiguous and unconditional on its face.

The prevailing attitude of our appellate courts is typified by the reasoning expressed in *Lee v. Garland,* 208 Ga. 251 (1) (66 SE2d 223): "The whole tenor of the petition in the case at bar is to change by parol an absolute

---

[2]The majority and dissenting opinions of this case contain a compilation of Georgia decisions supporting both viewpoints of the issue.

[3]Retired Chief Justice Grice and his father, Warren Grice (1875-1945), constitute the only family in which a father and son served as Georgia Supreme Court Justices.

unconditional promissory note into a conditional obligation; and that can not be done in the absence of fraud, accident, or mistake, the allegation of which must always be full and explicit. [Cits.] In other words, where parties have reduced to writing what appears to be a complete and certain agreement, it will in the absence of fraud, accident, or mistake be conclusively presumed that the writing contains the entire contract. [Cit.] 'It is in vain to have writings, if parties can be allowed deliberately to reduce a contract to writing and then set up by parol a totally different contract.' [Cit.] It is true, of course, that the maker of a note, when sued, has the right to show by parol, if he can, a want or failure of consideration, but he will not be allowed to prove that his obligation to pay was dependent or conditional upon the promisee's compliance with a prior or contemporaneous agreement not expressed in the note, unless the execution of the note was induced by fraud, accident, or mistake. [Cits.]"

One of the earlier cases embracing our strict application of the parol evidence rule appears factually indistinguishable from the case at bar. In *Connor v. Lasseter,* 98 Ga., 708 (25 SE 830), plaintiff brought suit on an employment contract wherein he was hired to teach at a private school. Although the contract appeared to be an unconditional one, defendants contended that plaintiff had failed to obtain a license to teach in the *public* schools. It was held that the trial court erred in allowing the introduction of parol evidence to show that the obtainment of the license was a condition precedent to the formation of the contract. "[This defense] was, in effect, nothing more nor less than an attempt to vary by parol the terms of a plain and unambiguous written contract. . . Alleged conditions and stipulations of the kind mentioned in the plea with which we are now dealing, plainly cannot be engrafted upon a contract of this kind by parol." *Connor v. Lasseter,* supra, p. 710.

The above cited authorities lead us to conclude that the trial court erred in permitting proof by parol evidence of the alleged condition precedent. The only contingency stated in the agreement (the holding of a valid certificate issued by the state board of education) was satisfied by the plaintiff. Defendants cannot now show by parol evidence

that an additional condition of a substantially similar nature is further required for the formation of the contract. If obtaining a certificate in remedial reading was intended to be an additional condition precedent to plaintiff's employment, there appears to be no logical reason for defendants' failure to include this contingency in the contract which they prepared. The omission of any such additional contingency in the writing precludes the offer of proof upon it in the absence of fraud, accident or mistake, none of which is alleged here.

The record indicates that the only issue disputed by the parties concerned the alleged condition precedent. Since parol evidence was inadmissible to prove this condition, the trial court erred in granting defendants' motion for directed verdict and in overruling plaintiff's directed verdict motion. Accordingly, we direct the trial court to enter judgment for plaintiff.

*Judgment reversed with direction. Bell, C. J., and Stolz, J., concur.*

ARGUED MARCH 8, 1976 — DECIDED APRIL 29, 1976 — REHEARING DENIED MAY 28, 1976 —

*Kenyon, Hulsey & Oliver, Samuel L. Oliver, James E. Mahar, Jr.,* for appellant.

*Davis, Davidson & Hopkins, Jack S. Davidson, Robinson, Harben, Armstrong & Millikan, Sam S. Harben, Jr.,* for appellees.

ON MOTION FOR REHEARING.

In appellee's motion for rehearing, it is urged that plaintiff failed to timely object to the introduction of the parol evidence, thereby waiving the objection and precluding review of the issue by this court. A determination as to the timeliness of plaintiff's objections is unnecessary, however, since parol evidence, by its nature is incompetent and without probative value to alter the terms or conditions of a written contract. "[The parol evidence] rule fixes the finality of a written contract which is unmixed with fraud respecting the subject-matter. It is moreover a rule of substantive law,

and though parol evidence be erroneously admitted without objection it is without probative value to vary terms of a written contract. [Cit.]" *Cooper v. Vaughan,* 81 Ga. App. 330, 337 (58 SE2d 453). Accord, *Cleghorn v. Shields,* 165 Ga. 362 (2) (141 SE 55); *Almon v. R. H. Macy & Co.,* 106 Ga. App. 123, 125 (126 SE2d 641); *General Acceptance Corporation v. Nix Ford, Inc.,* 107 Ga. App. 32, 33 (129 SE2d 202); *P. & O. Machine Works, Inc. v. Pollard,* 115 Ga. App. 96 (153 SE2d 631); *Claxton v. Pullman, Inc.,* 116 Ga. App. 416, 418 (157 SE2d 642); *Waters v. Lanier,* 116 Ga. App. 471, 474 (157 SE2d 796); *Romines v. Wagstaff Motor Co.,* 120 Ga. App. 608, 610 (171 SE2d 752).

The parol evidence, being without probative value, was ineffectual to establish the alleged condition precedent and should not have been considered in ruling on the directed verdict motions. Accordingly, the evidence demanded a verdict in favor of the plaintiff.

*Motion for rehearing denied.*