*New-London,*
July, 1836.

Sterne
*v.*
Trott.

STERNE *against* TROTT :

### IN ERROR.

In an action on a bond, given by a guardian, to the court of probate, for the faithful discharge of his trust, the plaintiff may declare on the penal part of the bond, without setting out the condition.

Where the defendant, in such action, set out the condition, and pleaded performance generally ; the replication assigned, as a breach, that the guardian received of the estate of his ward certain sums of money, which he never accounted for, either to the judge of probate or to the ward after he arrived at full age ; and, in answer to this breach, the rejoinder alleged, that the guardian rendered his account to the administrator of the ward, after his decease, without averring, that he ever paid over the money or made any settlement ; it was held, that this did not satisfy the condition of the bond, and the rejoinder was adjudged insufficient.

THIS was an action of debt on a bond, executed by *Charles Bolles,* since deceased, and *William Sterne,* (the defendant,) to *Moses Warren,* Esq., judge of probate, for the payment of 1000 dollars, to said judge or his successor in office.

The defendant, in his plea, averred, that there was a condition to this bond, which he set out, in the following words : " The condition of this obligation is such, that if the above bounden *Charles Bolles,* appointed guardian to *Thomas R. Bolles* of *New-London,* a minor of about twenty years old, shall well, truly and faithfully execute and discharge the aforesaid office of guardian to said minor, in all parts thereof, attending to the rules and directions of the law in such case made and provided, and render a true account of his guardianship to said judge, or to his successor in office, if thereunto required, or to said ward, when arrived at full age ; then the above obligation to be void and of none effect ; otherwise, to remain in full force and virtue." The defendant then averred, that he had fully kept and performed all the matters by him in said condition required to be done and performed.

The replication alleged, that before said ward arrived at the age of twenty-one years, said *Charles Bolles* received from the administrators of the estate of *Joseph Bolles,* father of the ward, of the goods and estate of the ward, the sum of 1500 dollars, and also received of the rents and profits of said ward's real estate the sum of 500 dollars ; and that said *Charles Bolles*

*New-London,*
*July, 1836.*

*Sterne*
*v.*
*Trott.*

never accounted with his said ward, after he arrived at full age, nor with the judge of probate, or his successor in office; nor did he, in any manner, render a true account of his guardianship, as by said condition and by law he was bound to do.

The defendant rejoined, alleging, that *Thomas R. Bolles,* the ward, died on the 20th of *December,* 1829, having made his will, and appointed said *Charles Bolles* his executor; that the will being proved and established, by the court of probate, said *Charles Bolles* accepted the trust, and discharged the duties thereof until the 14th of *January,* 1831, when said *Charles Bolles,* on the application of *John French,* was removed from the office of executor, and said *French* was appointed administrator with the will annexed, who took upon himself the duties of said office; that the account of said *Charles Bolles,* as guardian of said *Thomas R. Bolles,* was rendered to, and allowed by, said *Charles Bolles,* while acting as executor as aforesaid; and the same was also rendered to and accepted by said *John French,* as administrator aforesaid.

The superior court adjudged the rejoinder of the defendant insufficient; and rendered judgment for the plaintiff to recover the sum of 114 dollars, 66 cents, damages, with costs.

The defendant thereupon filed his motion in error, and brought the record before this court for revision.

*Law* and *Brainard,* for the plaintiff in error, contended, 1. That the declaration was insufficient, inasmuch as it states a bond without condition, and the court of probate is not authorized to take such a bond. *Stat.* 263. *tit.* 46. *s.* 5.

2. That the rejoinder is a good defence; for it answers the only breach assigned, by showing performance.

*Isham,* for the defendant in error, contended, 1. That the action was well brought on the penal part of the bond, without setting out the condition in the declaration. This is unnecessary; and the present is the invariable mode of declaring. 1 *Sw. Dig.* 677, 8. 2 *Sw. Syst.* 128.

2. That the matters alleged in the rejoinder, do not show a performance. *Warren* v. *Towers,* 5 *Conn. Rep.* 374. 381. *Monk* v. *Cooper,* 2 *Stra.* 763. *Shubrick* v. *Salmon,* 3 *Burr.* 1637. *Chesterfield* v. *Bolton, Com. Rep.* 627.

BISSELL, J.   One cause of error assigned, in this case, is, *New-London,* that an action does not lie on the penal part of a probate bond ; *July, 1836.* but that the condition and the breach should be set forth in the declaration.

Sterne
*v.*
Troit.

In regard to this objection, it may be remarked, that this is the usual mode of declaring on all bonds with a condition ; and no good reason can be assigned, why a different mode should be adopted, in declaring on an official bond, like the present.   It is, indeed, said, that the statute only authorises the judge of probate to take a bond with condition ; and when he brings an action, in his official character, he can declare only on such a bond as he is empowered, by the statute, to take.   If this mode of declaring precluded the idea, that the bond was upon condition, there would be force in the objection. But such is not the fact.   The statute prescribes the form of the bond, but not the form of the action.   This, of course, then, is regulated, by the principles of the common law.   It may be added, that this, it is believed, has been the uniform mode of declaring upon probate bonds, ever since we had a probate system ; and we see no reason for innovating on the practice.

The only remaining enquiry is, whether the rejoinder of the defendant be sufficient.   And upon this question it would seem hardly necessary to make a single remark.

The replication assigns a specific breach.   It is averred, that *Charles Bolles* received of the estate of his ward the sum of two thousand dollars, which he never accounted for, either to the judge of probate, or to the ward, after he arrived at full age. The only allegation which professes to answer the breach, is, that *Charles Bolles* rendered his account to *Joseph French,* administrator on the estate of *Thomas R. Bolles,* deceased.— But there is no averment, that he ever paid over the money,— made any settlement, or did any thing more than hand over to the administrator a mere statement on paper.   And the only enquiry is, whether this be an accounting, within the spirit and meaning of the bond ?   In *Topham* v. *Bradish,* 1 *Taunt.* 571., it is said, that by an account, is not meant a piece of paper merely, but payment.   It cannot be necessary to multiply authorities in support of a proposition so obvious, as well as reasonable.

*New-London,
July, 1836.*

There is nothing erroneous in the judgment of the superior court.

In this opinion the other Judges concurred.

Judgment affirmed.