### KEBART v. ARKIN.

(Circuit Court of Appeals, Third Circuit. May 17, 1916.)

No. 2095.

1. PARTNERSHIP ⬀318—MUTUAL RIGHTS AND LIABILITIES—ACCOUNTING.

In Pennsylvania partnership accounts must be adjusted and settled, and the liability of one partner to another ascertained, by an action of account render or by a bill in equity.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 735–738; Dec. Dig. ⬀318.]

2. PARTNERSHIP ⬀105—MUTUAL RIGHTS AND LIABILITIES—RIGHT OF ACTION.

Where a partnership has been willfully and wrongly broken up by a partner, the other partner, if he has kept his covenants, may bring an action at law; the measure of damages being the value to him of the continuance of the agreement during its covenanted term.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 168; Dec. Dig. ⬀105.]

3. COURTS ⬀328(1)—FEDERAL COURTS—JURISDICTION—AMOUNT IN CONTROVERSY.

Where a partnership was insolvent, and had only ten days to run, when its assets were sold on an execution on a judgment obtained in a state court for money due one of the partners from the firm, nothing more than nominal damages could be allowed in an action by the other partner for wrongful termination of the contract of copartnership, and no such damages could have been involved as the sum required to confer jurisdiction on the federal court in controversies between citizens of different states.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 890; Dec. Dig. ⬀328(1).]

In Error to the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Action by Jacob S. Kebart against Herman M. Arkin. Judgment for defendant, and plaintiff brings error. Affirmed.

John Weaver, of Philadelphia, Pa., for plaintiff in error.

Owen J. Roberts, of Philadelphia, Pa., and Smith, Paff & Laub, of Easton, Pa., for defendant in error.

⬀For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below, Jacob S. Kebart, a citizen of New York, brought an action at law against Herman M. Arkin, a citizen of Pennsylvania, to recover $10,000 damages for the alleged wrongful termination of a written contract of copartnership between them. On the trial it appeared the firm was insolvent, and that the partnership had only ten days to run, when its assets were sold on an execution on a judgment obtained in the state court, for money due the defendant by the firm. After the plaintiff's proofs disclosing the above facts were made, the court below granted a compulsory nonsuit, which it subsequently refused to take off, whereupon this writ was sued out.

[1] In Pennsylvania, as said by the Supreme Court in McCollum v. Carlucci, 206 Pa. 314, 55 Atl. 980, 98 Am. St. Rep. 780:

"Partnership accounts must be adjusted and settled and the liability of one partner to another ascertained by an action of account render or by a bill in equity."

[2] Where, however, a partnership has been willfully and wrongly broken up by a partner, the other partner, if he has kept his covenants, may bring an action at law and recover damages; the measure being the value to him of the continuance of the agreement during its covenanted term. Instances of such suits are found in the courts of that state. Thus in Adams v. Tutton, 39 Pa. 447, the dissolution was the second year of a five-year term; Reiter v. Morton, 96 Pa. 239, had 15 years of the partnership term yet to run; and in McCollum v. Carlucci, 206 Pa. 314, 55 Atl. 980, 98 Am. St. Rep. 780, as appears by the paper books, the partnership, when wrongfully and in bad faith broken up by Carlucci, was to continue so long "as there is any prospect of a paying job."

[3] Without entering into a discussion of the affairs of the partnership here involved and of the disputes between its members, we are clearly of opinion that the proper place for the adjustment of those difficulties was an accounting involving the affairs of the partnership, and not an action at law for damages for its dissolution, and therefore the judgment of nonsuit must be affirmed. But, over and above this, we deem it proper to call attention to the fact that this is a case with which the federal courts should not be burdened. In view of the insolvency of the partnership, the fact that it had only 10 days to run, and of the uncertainty of the lease of the premises occupied by it being extended, it is manifest that nothing but nominal damages could have been allowed, and that no such money damages for dissolution could possibly have been involved in this case as the sum required to confer jurisdiction on the federal court in controversies between citizens of different states.

Finding no error in the court below granting and refusing to take off the nonsuit, its judgment is affirmed.