**BOYLE v. SMITH.**

No. 662.

Municipal Court of Appeals for the
District of Columbia.

March 2, 1949.

. H. Winship Wheatley, Jr., of Washington, D. C. (H. Winship Wheatley, Louis Lebowitz and Jackson Brodsky, all of Washington, D. C., on the brief), for appellant.

Lester Wood, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

The parties to this appeal are brother and sister. The brother, appellee here, sued his sister for wrongful conversion of partnership funds. He charged that despite the fact that he owned with her a one-half partnership interest in a beauty parlor business, she sold the business for $5500 without his authority or knowledge and failed to pay him his half interest amounting to $2750. The defendant filed an answer in which she asserted only one defense: that she was the sole owner of the business and that her brother never was in partnership with her or owned any interest therein. The jury awarded its verdict to plaintiff and this appeal by defendant followed.

Twenty-seven errors are assigned which we shall group and decide in a smaller number. The trial extended over a week and the proceedings are reflected in a transcript almost a thousand pages long. We cannot here recite the evidence in detail but shall refer only to such testimony as has a direct bearing on the errors assigned.

The first group of errors complained of relates to defendant's contention that a suit cannot be maintained at law to determine partnership rights until there has been a full and final accounting between the parties. Appellant cites cases to the general effect that one partner cannot maintain assumpsit or other action at law against another partner unless there has first been an accounting between them, a settlement or balance struck or a promise to pay. The reason for these holdings has been said to be that until an accounting has been had and a balance struck between partners the relation of debtor and creditor does not exist. However these general statements of law are subject to well-recognized exceptions. The law does not forbid partners to sue each other at law merely because they are or have been partners. It is only when the adjustment of the matter in controversy involves an investigation and audit of the partnership accounts that resort must be had to equity. Long ago the Supreme Court ruled that the remedy in equity for breach of a partnership agreement is not exclusive; that there may be at law a recovery for such breach; that if one member assumes to dissolve a partnership without right the other may sue at law for his damages and that he need not go into equity for an accounting. Zimmerman v. Harding, 227 U.S. 489, 33 S.Ct. 387, 57 L.Ed. 608, citing Karrick v. Hannaman, 168 U.S. 328, 18 S.Ct. 135, 42 L.Ed. 484. It has also been held that where there has been a single completed transaction[1] or where only one or a few items are involved[2] and complicated accounts are not involved[3] and no accounting or appraisement is necessary to fix the amount payable[4] there need not be a resort to equity by way of an action for accounting and plaintiff may sue at law for a share of the partnership assets,[5] especially when it is charged that a defendant has appropriated money of a partner or associate or willfully or wrongfully dissolved the partnership.[6] Such was the sit-

[1] Crittenden v. Cobb, C.C.M.D.Pa., 156 F. 535.

[2] Gilliam v. Loeb, 131 Mo.App. 70, 109 S.W. 835; Frith v. Thomson, 103 Kan. 395, 173 P. 915, L.R.A.1918F, 1123; Clarke v. Mills, 36 Kan. 393, 13 P. 569.

[3] Chipley v. Smith, Tex.Com.App., 292 S.W. 209; Zimmerman v. Lehr, 46 N.D. 297, 176 N.W. 837, 21 A.L.R. 8.

[4] Crane v. Thompson, 55 App.D.C. 273, 4 F.2d 940.

[5] See generally 21 A.L.R. 57, 121, 123.

[6] Kebart v. Arkin, 3 Cir., 232 F. 454; Wann v. Kelly, C.C.D.Minn., 5 F. 584.

uation here under the issues framed by the pleadings and according to the plaintiff's evidence. Moreover the evidence for plaintiff was such as to support a charge that defendant's action in selling the business and withholding the proceeds amounted to a fraudulent breach of duty. To recover for such fraud one partner may sue the other at law.[7]

■ Plaintiff testified that he financed the purchase of the beauty parlor in 1939 and placed it in his sister's name "as she was my sister and that I could trust her, which I had every belief that I could." He said the understanding between them was that each was to have a one-half interest in the business and share equally in the profits and losses. The testimony was uncontradicted that in 1946 with no authority from plaintiff and without his knowledge defendant sold the business for $5500 which she retained. The testimony for defendant supporting the issue made by her answer was that her brother was never a partner, that he had merely advanced to her as a loan funds with which to help purchase the business and that she had repaid such loan. Despite this denial the jury was justified in finding that plaintiff owned a half interest in the business and that when defendant sold it she became obligated to him for one-half of the sale price. Karrick v. Hannaman, 168 U.S. 328, 18 S.Ct. 135, 42 L.Ed. 484.

■ It should be noted that in this case no basis for an accounting was advanced by defendant. It is true that on the motion for directed verdict it was contended that defendant was entitled to draw $60 per week and had not received that much. This defense, however, was not raised in the answer. Even if it had been raised there would have been no occasion to dismiss the action because under the undoubted equitable jurisdiction of the Municipal Court[8] a separate action for accounting would not have been necessary; it could have been had in the same cause. There was another effort, quite belated, to inject that issue in the case, which we shall discuss later in this opinion. We conclude that the suit was properly filed and that in view of the state of the pleadings and the proof defendant was not entitled to a directed verdict.

■ Appellant next assigns as error the refusal of the trial judge to permit her to introduce copies of her federal and district income tax returns by which she proposed to show that the business was owned and operated by her alone and not as a partnership. Both parties testified that they did not file partnership returns and the books maintained by defendant showed the income of the business and various deductions and expenditures. Thus the copies of tax returns would have been cumulative and merely corroborative of other evidence verbal and documentary. Moreover the proffered evidence was self-serving in nature.[9] There was no error in excluding this evidence.

■■ ■ Over objection the court admitted in evidence a letter written by plaintiff to his sister after he learned the shop had been sold. In it he complained of her treatment of him and demanded his share of the sale price. Appellant says the letter should have been excluded on the ground that it was self-serving. The letter, however, contained no fact recitals but complained that defendant had sold the shop without his

[7] Goldsmith v. Koopman, 2 Cir., 152 F. 173; Binney v. Delmar, Com.Pl., 17 N.Y. S. 524; Lonergan v. Lonergan, 60 Kan. 855, 55 P. 851; Gilliam v. Loeb, 131 Mo. App. 70, 109 S.W. 835.

[8] Klepinger v. Rhodes, 78 U.S.App.D.C. 340, 140 F.2d 697; Rowe v. Nolan Finance Co., 79 U.S.App.D.C. 35, 142 F.2d 93.

[9] Compare United States v. Certain Lands Located in Town of Highlands, Etc., D.C., S.D.N.Y., 57 F.Supp. 96; Osborn v. Albers, 365 Ill. 631, 7 N.E.2d 447; Veach's Adm'rs v. Louisville & I. R. Co., 190 Ky. 678, 228 S.W. 35; see also Perkins v. Haskell, 3 Cir., 31 F.2d 53.

Geisey v. Geisey, Md., 59 A.2d 319, cited by appellant, is not in point. There it was held proper to show copies of his tax return to the husband who had previously said he could not locate them and to question him with reference to them as to profits he had earned. Here the copies were offered to prove a merely negative thing: the non-existence of a partnership.

knowledge and demanded his half of the proceeds. Along with it plaintiff introduced, without objection, the reply thereto from defendant's attorney. We see no error in the ruling complained of, but even if it were error, we believe it was harmless.

■ Plaintiff called as a witness an official of Judd & Detweiler, a printing firm where he was employed, to prove that the company's credit union had made a loan to plaintiff. (Plaintiff had testified that he borrowed from the union part of the money with which the business was purchased.) Counsel for plaintiff asked the witness, "Tell us if you will, please, the type of employee Mr. Smith is." Defense counsel objected on the ground that the testimony was irrelevant but a moment later said, "I will concede that he was a very fine employee at Judd & Detweiler for in excess of 25 years." Then, the question being repeated, and no further objection being voiced by the defense, the witness answered that plaintiff Smith was "a very dependable employee" and "a very good credit risk." Since this testimony was offered as character evidence it was inadmissible because plaintiff's good character had not been put in issue.[10] But we think its admission cannot be held prejudicial to defendant. It went very little further than the concession of defense counsel which preceded it. And in view of the large amount of testimony supporting the plaintiff on the main issues this evidence could hardly have tipped the scales adversely to defendant.[11] Assuming that the testimony was erroneously admitted it must still be regarded as harmless because "upon an examination of the entire record, substantial prejudice does not appear."[12]

■ A Mrs. Burns, the former owner of the beauty shop, was asked whether after the start of the negotiations for the purchase of the shop she had heard from the defendant or from one Davidson who (at least according to some of the testimony), was acting for plaintiff and his sister. Without objection she answered, "Well, he notified me that they would buy the shop." After the answer was given the defense moved to strike it on the ground of irrelevance. In this court the point is made that the testimony was hearsay. Passing over the apparent untimeliness of the objection it seems to us that there was sufficient in the record to support the contention that Davidson was in fact agent for both plaintiff and his sister and his statement that "they would buy the shop" was not required to be stricken.

Appellant complains that the cross-examination of a witness went beyond the scope of the direct examination; that defendant was improperly cross-examined with reference to a divorce proceeding in which she had been involved, and that certain remarks of the trial judge were prejudicial. We have studied the record in the light of these contentions and have found no error.

Next we consider certain errors assigned as to requested instructions granted and refused. In that connection, we have made a close examination of the judge's charge, to which no objection was voiced by the defense. We think the charge was fair, accurate and complete. The judge carefully outlined the issue between the parties and defined and explained the legal principles involved. He covered correctly, and nowise unfavorably to defendant, the questions of partnership, conversion of partnership funds, burden of proof, preponderance of evidence and credibility of witnesses. We are satisfied that defendant has no cause to complain of the charge as given.

■ Finally we consider the refusal of the trial judge to permit defendant to amend her answer after verdict. In her answer to the complaint defendant, as we pointed out earlier, confined herself to a flat denial that there had ever been a partnership in

---

[10] Quinalty v. Temple, 5 Cir., 176 F. 67, 27 L.R.A.,N.S., 1114.

[11] Hignite v. Nantz, 254 Ky. 214, 71 S.W.2d 442; Dennis v. Columbia Electric St. Ry., Light & Power Co., 93 S.C. 295, 76 S.E. 711.

[12] Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 631, 79 L.Ed. 1314; Haywood v. United States, 7 Cir., 268 F. 795; Rich v. United States, 8 Cir., 271 F. 566.

the business between herself and her brother, admitted that she had retained the proceeds of the sale, and denied that her brother was entitled to any part thereof. It was after the adverse verdict of the jury that she filed, along with her motion for new trial and her motion for judgment non obstante, a motion to amend her answer by asserting a new defense to the effect that if there were a partnership then before any final judgment there should be an accounting of all partnership transactions from the date of its inception until its dissolution, i e., from May 1939 until June 1946. The trial judge in the exercise of his discretion denied leave to amend, and we cannot say that his ruling was erroneous. Defendant had been in direct and personal charge of the business and all its records for some seven years. She knew or should have known what the pending litigation would probably develop. Nevertheless, she pitched her defense on a single ground. Having lost on that ground she had no right to demand that the case be retried, and the whole partnership venture be reopened and audited to enable her to assert a new defense or defenses against the plaintiff's claim.

Affirmed.