**ROBINSON v. CARTER et al.**

No. 981.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 6, 1950.

Decided Dec. 12, 1950.

Nathan L. Silberberg, Washington, D. C., with whom Robert E. Lee Goff, Washington, D. C., was on the brief, for appellant.

Joseph W. Heilman, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Plaintiffs purchased a speedboat from defendant for commercial use. Under two written agreements signed a few days apart, they paid defendant $570 in cash and delivered to him a note secured by a chattel mortgage for the balance of $535. When the boat was bought, it was in defendant's dry-dock, and plaintiffs claimed they were induced to make the purchase by defendant's express representations that he knew it to be in first-class running condition. Shortly thereafter they tried to operate the boat but found it would run only a short distance because of defective engine parts. They spent certain small sums in an effort to get the boat to run and then returned it to defendant upon his promise to repair it. Upon his failure to put the boat in operating condition, plaintiffs sued to recover their cash payment and for the amount expended by them on repairs and also for the return of their promissory note on which they refused to make any payments. Defendant denied that he had represented the boat to be in good operating condition and claimed that he had sold it "as is." In a counterclaim filed with his answer, he stated that after the filing of the complaint and because of defaults in the payment of installments on the promissory note, he had caused the boat to be sold at public auction in accordance with the terms of the chattel mortgage. He claimed for a deficiency, alleging that the boat had been sold for a gross amount of $450, subject to various expenses for attorney's fees, trustee's fees, advertising, etc. Plaintiffs having accompanied their original complaint with a demand for jury trial and defendant making no objection thereto, both the original claim and the counterclaim were submitted to a jury, under instructions of the court. The jury

returned a verdict for plaintiffs for recovery of the down payment, for $66.08 spent for repairs and for "rescission of contract," and also decided against defendant on his counterclaim. He has appealed from a judgment for plaintiff on the claim and counterclaim. The judgment made no mention of rescission of contract.

Plaintiffs' first interview with defendant resulted from an advertisement offering the boat for sale. After discussion, a contract was signed by the parties by which it was agreed that the boat would be sold for $1,000, $300 in cash and the balance at the rate of $70 per month, the boat to be insured for $700 in the name of the seller.

This agreement also contained various credit references. The down payment was made at that time. Four days later defendant informed plaintiffs that their credit references were not satisfactory and demanded an additional down payment of $270 and that their note for the balance of an increased purchase price be secured by a chattel mortgage on the boat. Plaintiffs agreed and an additional contract was signed embodying the new terms. In the new agreement there appeared for the first time in the itemization of the amounts to be paid the line "as is with insurance ($1,000) $1,105." Before trial commenced, defendant urged that this line be interpreted by the court. Instead the court admitted evidence showing all circumstances and conversations surrounding the signing of the two agreements and then submitted the entire question to the jury. The record contains neither the instructions requested nor those actually given to the jury.

The gravamen of the present suit was that the contracts were induced by representations that the boat was in good running condition, that such representations were false, that defendant knew they were false when they were made, that the boat had been returned to the seller, and that defendant operated a boat-yard and plaintiffs knew nothing about boats, and relied on defendant's representations and would not have bought the boat but for them. Such charges, although denied by defendant, were amply supported by evidence.

▮ Defendant's first assignment of error is that the Municipal Court was without jurisdiction to entertain the action because it was equitable in nature in that it was for rescission of contract. The point is without merit. The total amount involved was well within the jurisdictional limit of the Municipal Court. As was pointed out in Klepinger v. Rhodes, 78 U.S. App.D.C. 340, 140 F.2d 697, certiorari denied 322 U.S. 734, 64 S.Ct. 1047, 88 L.Ed. 1568, the statute "establishing the present Municipal Court for the District of Columbia, vests in that court exclusive jurisdiction 'of civil actions, including counterclaims and crossclaims, in which the claimed value of personal property or the debt or damages claimed, exclusive of interest, attorneys' fees, protest fees, and costs, does not exceed the sum of $3,000. * * * ' " [1] As was also pointed out in the same decision, the Federal Rules of Civil Procedure, 28 U.S.C.A., which have been adopted generally by the Municipal Court, as required by statute,[2] are made applicable to all civil actions whether cognizable as cases of law or in equity. The Court also decided that previous cases denying equity jurisdiction to the Municipal Court were inapplicable since that statute under which those cases were decided did not vest jurisdiction in civil actions generally but only in specified types of civil actions.[3]

▮ Defendant urges, however, that, even if the Municipal Court had jurisdiction, it was error to submit the question of rescission, ordinarily equitable in nature, to the jury. The question was not raised at trial, and it is too late to raise it on appeal. Moreover, only in cases where a timely demand for a jury has been made and refused does the distinction between law and equity have any procedural relevance.[4] Here the

1. Code 1940, Supp. VII, 11–755.

2. Code 1940, Supp. VII, 11—756(b).

3. See Rowe v. Nolan Finance Co., 79 U.S. App.D.C. 35, 142 F.2d 93.

4. Groome v. Steward, 79 U.S.App.D.C. 50, 142 F.2d 756.

right of plaintiffs to a jury trial was not challenged. Furthermore, defendant's counterclaim for a deficiency money judgment was not equitable. Therefore, even if the original action was in part equitable this did not interfere with the right to jury trial. Right to jury trial after proper demand should not depend upon the circumstances of whether one party commences an action first or vice versa.[5] Here, although plaintiffs originally entitled their action one for rescission of contract and damages, they did not actually ask that the note and chattel mortgage be cancelled, and by the time the case was heard there had been a foreclosure and the issues tried were entirely legal as distinguished from equitable. We find no error in the procedure followed.

 Also assigned as error is the action of the trial court in admitting evidence showing the circumstances surrounding the parties at the time of making the contract and in particular of permitting plaintiffs to testify that they understood the phrase "as is with insurance" in the second contract referred back to the original contract as it was with the cost of insurance added to the price. Defendant gave his version of the purpose of inserting the phrase. Ordinarily what a contract says rather than what is in the minds of the parties should govern, but where a party is fraudulently induced to enter into a contract, the fraud can not be rendered successful by reducing the contract to writing and then invoking the parol evidence rule.[6] We find there was no error in this respect.

 Defendant next assigns as error the court's alleged failure to construe the contracts instead of leaving the question of interpretation to the jury. As we have said previously, the interpretation of a written instrument as a general rule is for the court. But when the meaning is uncertain or ambiguous the question of its meaning should be left to the jury under proper instructions.[7] While the term "as is" is generally unambiguous and means that property is sold without warranty,[8] here the term was not used in the original contract between the parties, and in the second contract was used in connection with the phrase "with insurance." "In law as elsewhere, what would be unambiguous in ordinary circumstances may be ambiguous in special circumstances."[9] We believe that it was proper to submit the question to the jury.

 The final assignments of error upon which we feel it necessary to pass are that the court erred in admitting testimony as to repairs made by plaintiffs in an effort to put the boat in running condition and the cost thereof. Plaintiffs also originally claimed damages for loss of use of the boat and money spent in painting the hull, but these items were disallowed. We believe, under the circumstances, plaintiffs were entitled to be put in the same position they occupied before the sale.[10] Parties to this suit can not be placed in the status quo they were in before the sale, unless we allow the plaintiffs to be reimbursed for the expenses incurred by them in making certain permanent improvements to the boat. As to the proof introduced with regard to the value of repairs, plaintiffs testified they spent the amount awarded. Defend-

5. 3 Moore's Fed.Pract. p. 3015 (1938).

6. Smith v. Richards, 13 Pet. 26, 10 L.Ed. 42; Owen v. Schwartz, 85 U.S.App.D.C. 302, 177 F.2d 641; Smith v. O'Connor, 66 App.D.C. 367, 88 F.2d 749; First Nat. Bank v. Fox, 40 App.D.C. 430, certiorari denied 231 U.S. 751, 34 S.Ct. 322, 58 L.Ed. 466; Ellis v. Morgan, D.C.Mun.App., 65 A.2d 797; 9 Wigmore, Evidence, § 2439 (3rd Ed. 1940); 3 Williston, Contracts, § 643 (Rev.Ed.); 46 Am.Jur., Sales, § 88; Annotation 56 A.L.R. 13, 110.

7. Soldano v. Holmes, D.C.Mun.App., 60 A. 2d 535, and cases cited therein.

8. Code 1940, 28—1601; Findley v. Downing Motors, Inc., 79 Ga.App. 682, 54 S.E. 2d 716; Dreyer-Whitehead & Goedecke v. Land, 309 Ky. 113, 216 S.W.2d 413; Roby Motors Co. v. Cade, La.App., 158 So. 840; 46 Am.Jur., Sales, § 319; 6 C.J.S., As, p. 781; Annotation 58 A.L.R. 1181; Annotation 151 A.L.R. 446, 460; cf. Regula v. Gerber, Ohio Com.Pl., 70 N.E.2d 662.

9. Zlotnick v. Crisp, D.C.Cir., 185 F.2d 502.

10. Magee Nash Motors v. Green, La.App., 47 So.2d 85.

178

ant complains experts should have been called to show the amounts were reasonable. No objection, so far as the record shows, was raised as to the manner of proof, and in the absence of such objection the judgment will not be disturbed on appeal. (We note parenthetically that plaintiffs' brief states receipted repair bills were received in evidence, but the record is silent on the subject.) Furthermore, we are inclined to agree with Chaperon v. Portland General Electric Co., 41 Or. 39, 67 P. 928, which held that while ordinarily cost of repairs should be shown to be reasonable, yet the reasonableness of such small items of expense is a matter of such common knowledge that it may safely be left to the jury.

We find no error in the record. The judgment is

Affirmed.