### KELLEY v. POTOMAC DEVELOP-MENT CORP.

#### No. 1031.

Municipal Court of Appeals for the District of Columbia.

Argued April 9, 1951.

Decided May 9, 1951.

Herman Miller, Washington, D. C., for appellant.

Arthur L. Willcher, Washington, D. C., with whom Bernard Shankman, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Plaintiff sued Potomac Development Corporation seeking the return of a deposit paid by him upon a written contract for the purchase of a new house. The defendant corporation had declared a forfeiture of the deposit upon the refusal of the plaintiff to complete the purchase. Plaintiff appeals from a judgment in favor of defendant.

Plaintiff is a government attorney employed by the Veterans Administration. On December 4, 1949, he inspected a group of new houses built by defendant in nearby Maryland. These houses had been approved by the F. H. A. and the Veterans Administration for G. I. loans and were selling for $13,100 each. Plaintiff selected a house and discussed with Irwin Rosen, treasurer of the corporation who was on

the premises, possible arrangements for financing the purchase. Upon discovery that he was a veteran and had not previously used his veterans' loan entitlement, Rosen showed the plaintiff three or four cards outlining different plans of payment. Plaintiff selected a plan which called for the payment of $2,100 in cash and a 25-year veterans' loan in the amount of $10,000 payable $52.80 per month and secured by a first deed of trust on the property. He gave Rosen a $500 deposit and agreed to meet the officers of the corporation the next day to sign a contract.

The contract signed on December 5, 1949, substantially contained the financing terms selected by the plaintiff on the previous day. However it was executed on the usual printed form and contained the words "the purchaser is to assume, give, place, take title subject to, a first deed of trust secured on the premises of * * *." There was then inserted a description of this first deed of trust wherein it was described as a "V. A. 25 year Mortgage" for $10,000 payable $52.80 per month including interest and principal. None of the printed words were crossed out. The contract further provided for the placing of a second deed of trust of $1,000 and for the cash deposit of $2,100. Final settlement was to be within 30 days from the date of acceptance by the owner or as soon as a report on the title was secured.

Plaintiff was then referred by the corporation to the office of the Carey Winston Company, a local mortgage loan correspondent for several insurance companies. There, on December 8, 1949, he signed an application requesting a 25-year $10,000 loan. The principal for this loan was to be the Penn Mutual Life Insurance Company. In order to obtain the necessary Veterans Administration approval, a further application was filled out outlining the terms of the loan. This latter application along with plaintiff's certificate of entitlement and other required papers were sent to the Veterans Administration by the Carey Winston Company a few days later. Both the plaintiff and Joseph Mahoney, Jr., of Carey Winston Company, testified that the application asked approval for a 25-year loan in the amount of $10,000 repayable $52.80 per month.

Testimony was conflicting as to what subsequently occurred. Mahoney testified that shortly thereafter the plaintiff discussed the matter over the telephone with him and requested a 20-year loan in preference to one providing for 25-year payments. Plaintiff denied that this conversation took place or that he ever discussed a 20-year loan. On December 16, 1949, Mahoney sent the plaintiff's application to Penn Mutual Life Insurance Company, apparently amended to request a 20-year loan. Rosen testified that in the latter part of December he was informed by both the plaintiff and Mahoney that a 20-year loan was desired by plaintiff. He said that it was at that time that the parties agreed on January 25, 1950, as the time for final settlement at the title company. On January 3, 1950, Mahoney wrote a letter to the Veterans Administration requesting that the loan application be amended to provide for a 20-year loan and on January 6, 1950, the Penn Mutual Company approved a loan to the plaintiff on a 20-year basis.

On the day for settlement, plaintiff did not appear at the time appointed. Schwarz, president of defendant corporation, and Rosen executed the deed to the property and left it at the title company. The title company also had in its possession a $10-000 deed of trust note to be signed by the plaintiff requiring payments to be made on a 20-year basis. The next day defendant's attorney notified plaintiff that unless he made prompt settlement the $2,100 deposit he paid at the time of the signing of the sales contract would be forfeited. Plaintiff refused to proceed with settlement on the grounds that there was no 25-year loan[1] Defendant then offered to wait 30 days until such a loan could be obtained. Plaintiff again refused, contending that he was

---

not obliged to wait longer and demanded his deposit back.

The trial judge found that plaintiff had failed in his burden of proving that defendant had breached the contract or that it had ever agreed to assume responsibility for securing a 25-year loan. The court further found that plaintiff had failed to prove that a 25-year loan could not have been procured if he had desired it.

██ Both sides agree that the contract was ambiguous as to which party was to secure the loan. It provided that the purchaser was to *assume, give, place, take title subject to* a first deed of trust. In the light of such ambiguity, it was proper for the trial court to admit parol evidence of circumstances surrounding the signing of the contract in order to determine the intent of the makers.[2] The parties disagree as to the conclusion to be drawn from these circumstances. Plaintiff points to the apparent arrangement between the defendant and the Carey Winston Company whereby buyers of defendant's houses were shown finance plans of the Carey Winston Company and referred there to arrange loans. He contends that he himself was ignorant of how to procure a loan and that he acted at the direction of the defendant and the Carey Winston Company. From this he draws the conclusion that the defendant assumed the duty of procuring the 25-year loan mentioned in the contract. Despite testimony that he ordered a 20-year loan, he argues that the written contract called for a 25-year loan and that defendant breached this contract when it failed to produce that loan at the date of settlement.

██ We think the evidence permitted the trial court to conclude that the loan was to be obtained by the plaintiff and that the parties so intended. He was to deal with the Carey Winston Company directly. Plaintiff makes no claim that there was any agency relationship between that company and the defendant. He himself, through the Carey Winston Company, applied for the loan with the Penn Mutual Company and for its approval by the Veterans Administration. Ultimately, in the presence of an ambiguity of this sort the question of intent of the parties becomes one of fact to be decided by the trier of facts.[3] Apparently the judge found here that the parties intended that plaintiff should procure the loan.

Plaintiff points to the fact that the sales contract was prepared by the president of the defendant. He argues that, following the general rule, the contract terms should be construed most strongly against the corporation. But the application of this rule of construction would not force the conclusion urged. It was the failure to strike out words which rendered the contract ambiguous, and this course was as open to plaintiff as to defendant.

Since we decide that the trial court was entitled to find, as it apparently did, that plaintiff was to obtain the loan, it follows that it was he who was in default at the date of settlement. Despite defendant's offer to extend the period, plaintiff refused to proceed and therefore, in the light of the evidence and the trial court's finding that such a 25-year loan could have been obtained, the deposit was properly forfeited. Such a forfeiture is to be avoided whenever possible, but here plaintiff could have avoided it by giving enough time to secure the loan. It was he who forced the issue. We can not say the trial court was plainly wrong in deciding the case as it did.

Affirmed.

2. Soldano v. Holmes, D.C.Mun.App., 60 A.2d 535, and cases cited therein.

3. Robinson v. Carter, D.C.Mun.App., 77 A.2d 174.