**Grant WRIGHT, Appellant,**

**v.**

**Henry P. ARMWOOD, Appellee.**

**No. 1520.**

Municipal Court of Appeals for the District of Columbia.

Argued July 26, 1954.

Decided Sept. 10, 1954.

Eugene M. Beckford, Washington, D. C., for appellant.

Barrington D. Parker, Washington, D. C., with whom George A. Parker, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge; and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

In 1948 Grant Wright and Henry Armwood formed a partnership to conduct a frozen custard business in Richmond, Virginia. Armwood, who alone managed the business, closed it about a year later.

Thereafter Wright was compelled to pay a creditor of the partnership the full amount due on a joint promissory note which the partners had given for equipment. He brought this action to require contribution by Armwood. The trial court ruled that the suit could not be maintained because no accounting or settlement of the partnership accounts had ever been reached between the parties. From that decision Wright appeals.

 Since the partnership was formed in Virginia and its sole business conducted there, the question must be decided according to Virginia law. But no problem of conflicts is presented, for the law of that State is not at variance with that of this jurisdiction or with the decisions we have found elsewhere. It is no doubt the rule that actions at law may not generally be brought by one partner against another even after the dissolution of the partnership until the partnership accounts have been settled.[1] But as we have had occasion to say in an earlier case, this general rule is subject to well recognized exceptions. Boyle v. Smith, supra, footnote 1. There we said that: "The law does not forbid partners to sue each other at law merely because they are or have been partners. It is only when the adjustment of the matter in controversy involves an investigation and audit of the partnership accounts that resort must be had to equity. Long ago the Supreme Court ruled that the remedy in equity for breach of a partnership agreement is not exclusive; that there may be at law a recovery for such breach * * *. It has also been held that where there has been a single completed transaction or where only one or a few items are involved and complicated accounts are not involved and no accounting or appraisement is necessary to fix the amount payable there need not be a resort to equity by way of an action for accounting * * *."[2]

We have found no Virginia decision expressing a different view and we will presume that the general principles we have stated are applicable to this situation. Therefore, applying here what we said in the Boyle case, we think the dispute could have been adjudicated without a prior formal accounting. The claim was for a definite amount represented by a single promissory note of the partnership and it is unlikely that there would have been much difficulty in determining the respective rights and obligations of the parties with respect thereto.

But even if it could be said that there were legal or practical reasons for not proceeding with the case as a debt action, it would have been sounder practice not to put plaintiff completely out of court, without giving him an opportunity to ask for an accounting. (The judge did not decide the case from the bench, but took it under advisement and later made written findings of fact and conclusions of law. So it is not clear from the record whether plaintiff sought an accounting, or had an opportunity to do so before the case was decided.)

 It is now settled beyond question that the Municipal Court has exclusive jurisdiction in equitable actions when the debt or damages claimed, or the claimed value of personal property, does not exceed $3,000. Rowe v. Nolan, 79 U.S.App. D.C. 35, 142 F.2d 93; Klepinger v. Rhodes, 78 U.S.App.D.C. 340, 140 F.2d 697, certiorari denied 322 U.S. 734, 64 S.Ct. 1047, 88 L.Ed. 1568; Shulman v. Shulman, D. C.Mun.App., 86 A.2d 527; Robinson v. Carter, D.C.Mun.App., 77 A.2d 174; Ridgley v. United States, D.C.Mun.App., 45 A. 2d 475. And as required by statute the court long ago adopted rules conforming its practice generally to that under the Federal Rules of Civil Procedure, 28 U.S.C.A., providing one form of civil action, "whether cognizable as cases of law or in equity."

1. Summerson v. Donovan, 110 Va. 657, 66 S.E. 822; Boyle v. Smith, D.C.Mun. App., 64 A.2d 428. See also cases from other jurisdictions collected in Notes, 21

A.L.R. 21, 58 A.L.R. 621, 168 A.L.R. 1088.

2. 64 A.2d at page 429. Citations omitted.

Robinson v. Carter, supra [77 A.2d 176]. Thus the court had the statutory authority, and the procedural means as well, to render an accounting between these parties.

 After considering the case in its various aspects we have been impelled to the conclusion that plaintiff should have been given an opportunity to proceed as in an accounting action, and that there was "* * * no occasion to dismiss the action because under the undoubted equitable jurisdiction of the Municipal Court a separate action for accounting would not have been necessary; it could have been had in the same cause." Boyle v. Smith, supra, 64 A.2d at page 430. Accordingly, we have decided that the case should now be remanded with instructions to proceed to hear it as a suit in accounting, if either party so desires.

We note that there is already in the record some evidentiary material from which an accounting may at least be initiated. There is Armwood's statement of receipts and disbursements, together with an income tax return based on that statement, and containing detailed profit and loss entries; (also there is some testimony explaining certain of the items in the statement). If additional records or testimony are needed to complete the accounting the parties may be required to produce it, and if necessary, the case may be further continued for such purpose. And if it becomes necessary to conform the pleadings to the evidence, leave to amend should be granted in accordance with the established policy of permitting amendments freely when presentation of the merits of the action will be subserved thereby. See Municipal Court Rule 15(b), F.R.Civ.P. 15 (b), 28 U.S.C.A.

We think we should say something, however inconclusive it must be, about a matter which may arise at the retrial. The defense of limitations was set up in the answer but was not passed on by the trial court; nor, because of the state of the record, are we in a position to pass on it now. We have said that the statute of limitations in actions for contribution "begins to run against the right to contribution only from the time of the disproportionate discharge of the common obligation by one of the common obligors."[3] The record before us does not reveal the date on which Wright actually paid a disproportionate share of the firm's obligation. Therefore, we cannot say whether his right to require contribution is barred by limitations.

Likewise, we cannot say whether the right to have an accounting is barred by the statute. It has been said that the statute generally begins to run against the right of a partner to require an accounting, upon dissolution of the partnership. But it seems to be the rule that where one partner continues on in winding up the affairs of the partnership, collecting its assets or discharging its debts, the statute does not begin to run immediately upon dissolution but is deferred until after the business of the firm is concluded.[4] On the basis of the record before us we cannot say with exactness when a final dissolution was accomplished, how long the affairs of the firm continued after June 1949, or when the business of the firm was concluded. The fixing of the time when a cause of action for an accounting accrued to Wright will depend upon these and other circumstances surrounding the parties after the time of the dissolution of the partnership.

Remanded, for further proceedings as outlined above.

HOOD, Associate Judge, concurs in the result.

3. Bair v. Bryant, D.C.Mun.App., 96 A.2d 508.

4. See Riddle v. Whitehill, 135 U.S. 621, 10 S.Ct. 924, 34 L.Ed. 282; Hewett v. Lewis. 4 Mackey 10, 15 D.C. 10; 40 Am.Jur., Partnerships, § 335 et seq.