[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is defendant Peter Lathouris' motion to strike counts one, two, three, four, six, seven and eight of plaintiff Richard Mazzella's eleven count complaint.
The alleged facts are as follows.
The plaintiff and defendant were partners in buying, renovating and selling real estate, sharing all profits and losses equally. Early in the partnership, the enterprise was profitable, but subsequent to 1987, properties were sold at loss, amounting to approximately $1.2 Million. Plaintiff Mazzella incurred and/or is paying debt service on $778,000. Defendant Lathouris incurred and/or is paying debt service on $389,000. On certain of the debts, both parties are jointly liable.
Plaintiff alleges that he is liable on more than one-half of the debts and that he paid about four hundred eighty thousand dollars in excess of his one-half share of partnership bills and expenses over the course of the partnership. The plaintiff further alleges that the defendant was the partner who kept the books and records of debits and credits to the partnership accounts in Connecticut with partnership projects. Plaintiff alleges that, despite demand, defendant has failed to pay debt service and expenses up to his one-half share.
The complaint may be divided into two parts; counts one through eight are concerned with partnership matters and allege and/or seek. CT Page 5883
(1) breach of partnership agreement;
(2) contribution;
(3) indemnification
(4) unjust enrichment;
(5) accounting;
(6) breach of fiduciary duties as a partner to Mazzella;
(7) fraud;
(8) conversion.
Counts nine through eleven relate to a contract between the parties wherein the plaintiff supplied labor and materials to build a new house for the defendant on the latter's property in Norwalk, Connecticut, on a cost plus basis. The counts are as follows:
(9) breach of a contract for new construction;
(10) quantum meruit and materials;
(11) unjust enrichment due to allegations of count nine.
In his prayer for relief the plaintiff asks for money damages and interest, punitive and double/treble damages pursuant to Conn. Gen. Stat. 54-564, a constructive trust for sums misappropriated, costs of the action, and an accounting.
The defendant now moves to strike counts one, two, three, four, six, seven and eight on the ground that the plaintiff has failed to plead that an accounting or settlement of the partnership affairs has occurred, which he claims is a condition precedent to the right to maintain the claims contained in the counts. The plaintiff opposes the motion and both parties filed memoranda of law.
The motion to strike contests the legal sufficiency of the complaint. Conn. Practice Bk. 152 (1990). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint," Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1980).
The defendant, movant in this motion, argues that an accounting or settlement is needed between the parties before maintaining actions of law, and provides the court with a CT Page 5884 citation to 59A Am.Jur.2d, Partnership 542 at 513.
 In the absence of statutory authority, partners ordinarily may not maintain actions at law among themselves, as opposed to equitable actions, where the subject of the action relates to partnership transactions, unless there is a prior accounting or settlement of the partnership affairs. This rule imposes conditions precedent to the right to maintain an action at law between partners concerning partnership matters.
Id.
The plaintiff argues in opposition to the motion to strike, that each count is legally sufficient, and that the defendant relies on an "antiquated common law" that has been replaced by Conn. Gen. Stat. 34-39 et seq., the Connecticut Uniform Partnership Act. The plaintiff particularly directs the court's attention to 34-56 wherein each partner shall be repaid his contributions and shall be indemnified in respect to payments made and liabilities incurred in partnership matters. The plaintiff argues that a partner can resort to legal recourse to enforce these rights and that an accounting or a settlement is not a precondition to doing so. The plaintiff alleges and argues that he has ascertained and can prove the approximate amount of damages. The plaintiff also provides the court with an Am.Jur. citation.
 The general rule against actions at law among partners or between partners and their partnership before a settlement and accounting, may be modified by a statute, allowing actions at law between partners in cases where they would not be maintainable at common law, as where a statute makes all partnership contracts joint and several, and thus eliminates the common-law reason for denying a partner the right to sue his partners severally on a contract between them.
59A Am.Jur.2d, Partnership, Statutes Affecting Right of Action, 545.
"The settlement of partnership affairs, necessary to sustain an action at law, need not precede the bringing of an action and may be made after the action is brought, provided the settlement is made before trial."
Id. at p. 517. CT Page 5885
Plaintiff argues that the Uniform Partnership Act, Conn. Gen. Stat. 34-39 et seq., abrogates the common law requirement of an accounting before bringing an action at law between copartners.
 [I]t is said, that by an account, is not meant a piece of paper merely, but payment.
Sterne v. Trott, 11 Conn. 559, 561 (1936).
 A formal accounting is more than a presentation of financial statement; it is a comprehensive investigation of transactions between the various partners and an adjudication of their relative rights. A. Bromberg, Crane and Bromberg on Partnership, 72 at 410 (1968). The accounting rule affects the remedy available, not the right. Its origins lie in the mutual fiduciary obligations of the partners.
Sertich v. Moorman, 783 P.2d 1199, 1201 (Ariz. 1989).
The common law rule governing actions between partners is that partners generally cannot maintain a suit at law where there has not been an accounting, or settlement of partnership affairs. Dewit v. Staniford, 1 Root 270 (1971); Beach v. Hotchkiss, 2 Conn. 425 (1818); Clapp v. Lawton, 31 Conn. 95
(1862).
After a second partnership was formed which included the assets and debts of the first partnership, a creditor of the first partnership brought suit against the second partnership. The court held that the case had to be brought in an equity court where all the creditors and all parties at interest would be heard and the accounting would take place. Clapp v. Lawton, 31, Conn. 95.
In Beach v. Hotchkiss, 2 Conn. 425, one of three partners sold partnership property and delivered an appropriate share to the second partner. The third partner sued the second partner for his share. The court held that the action would not lie because "there had been no adjustment of the amount between the three," and the only remedy was in chancery.
The common law rule has been modified in New York, Agrawal v. Rozgaitis, 539 N.Y.S.2d 496 (1989) (partner may maintain an action at law against a copartner when no complex accounting is required or when only one transaction is involved which is closed but unadjusted; dissolution not required); Illinois, Hux v. Woodcock, 474 N.E.2d 958 (Ill.App. 5 Dist. 1985) (partner CT Page 5886 may sue another partner on an express personal contract notwithstanding that there has been no partnership accounting, where plaintiff has sufficiently pled promissory estoppel); Ohio, Hanes v. Giambrone, 471 N.E.2d 801 (Ohio App. 1984) (no complex accounting necessary) Texas, Kartalis v. Lakeland Plaza Joint Venture, 784 S.W.2d 64 (Tex.App. -Dallas 1989) (no accounting necessary where case is free of complexity).
The common law rule has been abrogated in Louisiana, Dupuis v. Becnel Co., 535 So.2d 375 (La. 1988) (1981 revision of Louisiana Civil Code, partnership, does not include a prohibition of suits between partners); Arizona, Sertich v. Moorman, 783 P.2d 1199 (1989) (continued enforcement of the accounting rule is illogical, impractical and inequitable; counts of law and equity have been merged and the procedural requirements of joinder of claims avoids piecemeal litigation and judgments).
Plaintiff argues that passage of the Uniform Partnership Act, Conn. Gen. Stat. 34-39 et seq. abrogated the common law requirement of an accounting before bringing an action at law between copartners. No Connecticut case has been found which addresses the issue. Arizona appears to be the only state to have decided this particular question. "The legislature's enactment of the Arizona Uniform Partnership Act changed the common law and eliminated the substantive basis for the general accounting rule." Sertich, 783 P.2d at 1204.
It is found that the court is faced with two questions here:
 (1) Does the Connecticut Uniform Partnership Act abrogate the common law rule generally requiring an accounting before an action between partners can be maintained at law, and
 (2) whether an action for an accounting and actions for breach of fiduciary duties can be brought in the same suit.
It is found that the court does not have to consider the first question because the instant motion can be addressed by answering the second question.
The District of Columbia Court of Appeals discussed the issue of an accounting as a prerequisite to an action at law. That court observed that:
 It is basic that the same set of facts can support claims for legal and equitable relief, CT Page 5887 and that these claims may be tried in the same action. Indeed, [v. Smith, 64 A.2d 428, 429
(D.C. 1949)] and Wright [v. Armwood, 107 A.2d 702, 703 (D.C. 1954]) appear to contemplate and encourage trial of legal causes in the same action as the accounting. Boyle, supra, 64 A.2d at 430
(rule that accounting must precede trial of legal claims is no ground for dismissing suit for wrongful conversion of partnership funds and fraudulent breach of duty; "separate action for accounting was not necessary; it could have been had in the same cause"); Wright, supra, 107 A.2d at 704 (even if partner's suit against co-partner for contribution for payment of partnership debt did not fall within "single transaction" exception to exclusivity rule, claim should not have been dismissed because accounting and legal claims could be tried in same action). . . .
 Not only is the Act silent on the issue of exclusivity of remedies, but the history of the Uniform Partnership Act. which our statute replicates, suggests that the provision for an accounting was meant to expand, not restrict, remedies available to a partner aggrieved by a fiduciary breach.
Blackman v. Farmer, 579 A.2d 618, 651-52 (D.C.App. 1990).
The Arizona Supreme Court, in its decision abrogating the rule, discussed the maintenance of legal and equitable actions in one case.
 The merger of law and equity in our courts of general jurisdiction eliminates the procedural problems associated with the accounting rule. Today, trial courts in Arizona enjoy all of the powers formerly vested in the separate courts and the trial judge sits as both chancellor in equity and judge at law. The merger of law and equity eliminates the distinction upon which the rationale that a party cannot be both plaintiff and defendant was based. See, e.g., Balcor Income Properties, Ltd. v. Arlen Realty, Inc., 95 Ill. App.3d 700, 51 Ill. Dec. 198, 420 N.E.2d 612 (1981) (citing catron v. Watson, 12 Ariz. App. 132, 468 P.2d 399 (1970) (Jacobson, J., specially concurring)). Moreover, our liberal pleading rules, particularly Rule 18 "Joinder of Claims; and Remedies," alleviate the procedural problems associated with the distinct remedies available under law and equity as well as the concern CT Page 5888 for avoiding premature and piecemeal judgments between parties. Today, the joinder rule allows a party to bring any and all claims and request any and all remedies in one action in our courts of general jurisdiction. (citation omitted).
Sertich, 783 P.2d 1204.
The Colorado Court of Appeals held that:
 [A]lthough . . . as a general rule an action for damages for breach of partnership obligations may not be maintained in the absence of an accounting, . . . that rule does not apply where the plaintiff seeks specific equitable relief. Here . . . plaintiff's complaint seeks recision of the agreement and imposition of a constructive trust, both of which are equitable remedies. Therefore plaintiff is not barred under general partnership law from seeking judicial relief in this case.
Lawrence Street Partners v. Lawrence Street Ventures, 786 P.2d 508,510 (Colo.App. 1989) (citation omitted).
The common law rule has remained unchanged in the following jurisdictions:
Alabama, Broadmoor Realty, Inc. v. First Nationwide Bank, 568 So.2d 779 (1990) (Partner must seek accounting in equity before he can commence an action at law against his copartner on matters growing out of their partnership); Missouri, Warren v. Warren, 784 S.W.2d 247 (Mo.App. 1989) (Actions at law may be maintained without the prerequisite of an accounting only where the partnership is limited to a single venture, or where the items sued on are few and simple of solution.)
It is the opinion of the court that, upon review of the law, that an accounting is not required prior to a partner bringing an action at law against a copartner. The instant motion to strike is denied.
RYAN, JUDGE.